# Ex parte CECIL HARRIS.

No. A-10752.    Jan. 8, 1947.

(176 P. 2d 508.)

Frank Leslie, of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BAREFOOT, J. Petitioner, Cecil Harris, has filed in this court a petition for habeas corpus, alleging that he is unlawfully and illegally restrained of his liberty by the Honorable R. B. Conner, warden of the State Penitentiary, at McAlester.

Petitioner alleges that his restraint is illegal and unauthorized, in that he has fully paid his debt to society by serving all of the time required by the statutes under two sentences of the district court of Tulsa county, and that there is no valid cause or reason why he should be further detained.

Petitioner was charged in the district court of Tulsa county with the crime of robbery with fire arms in two separate cases, Nos. 6314 and 6331. He was convicted in each case, and on September 23, 1933, was by the same court, and at the same time, sentenced to serve a term of 25 years in case No. 6314, and a term of 15 years in case No. 6331. The journal entries of that date did not show that the judgments and sentences were to run concurrently. The petitioner was received at the penitentiary to serve said sentences.

On November 4, 1941, and after petitioner had served enough time to satisfy the sentence of 15 years in case No. 6331, he was dressed in to serve the sentence of 25 years in case No. 6314. He filed a petition in the district court of Tulsa county, praying that an order be entered nunc pro tunc in case No. 6314, to correct the original journal entry in said case, to show that through error or misunderstanding, the journal entry failed to provide and show that the judgments and sentences entered in the two cases, Nos. 6314 and 6331, were to run concurrently. A hearing was had on this petition before the district court of Tulsa coun-

ty, and petitioner was represented by his counsel, the Hon. C. F. Gowdy, and the state was represented by the assistant county attorney, Hon. M. S. Simms. On November 4, 1941, the following order nunc pro tunc was entered and filed in the district court of Tulsa county:

"Be it remembered that on this 4th day of November, 1941, the same being one of the court days of this court; the above entitled and numbered case comes on for hearing upon the application of the defendant, Cecil Harris, for an order nunc pro tunc herein correcting the judgment heretofore rendered in this case, No. 6331, to run concurrently with judgment No. 6314, State of Oklahoma vs. Cecil Harris; the state being represented by M. S. Simms, Assistant County Attorney and the defendant by his attorney, C. F. Gowdy; the court examines the files and the application for an order nunc pro tunc to correct the judgment rendered in case No. 6331, to read: 'To run concurrently with judgment in case No. 6314'; and the court, in open court, having heard the evidence and being advised by the Honorable Thomas D. Lyons, the former District Judge who presided in the original proceedings who stated to the court that it was the intention of the court at the time the two judgments were rendered, that the judgment 6314 and 6331 against the defendant Cecil Harris, be served concurrently; and the court being fully advised and being satisfied that through error or mistake the judgment No. 6331, failed to provide that it run concurrently with No. 6314 and it appearing that the proceedings are regular and that said mistake should be corrected.

"It is therefore ordered, adjudged and decreed by the court that the judgment No. 6331 against the defendant Cecil Harris, heretofore entered on the 23rd day of September 1933 be corrected as of the 23rd day of September 1933 to provide that the sentence of fifteen years therein provided run concurrently with judgment No. 6314 entered against the said defendant at the same time, to-wit; the 23rd day of September 1933 which said sentence No. 6314 provides for a sentence of twenty-five years. The terms of

each sentence to begin from the date of delivery to the War-den of the Penitentiary."

The record reveals that no appeal was taken from the judgment entered in the nunc pro tunc order.

The state contends that the district court of Tulsa county did not have a right to enter a judgment nunc pro tunc to correct the original judgment entered as heretofore stated. This contention is denied by petitioner, who also contends that no appeal having been taken from the judgment entering the order nunc pro tunc, that the same cannot be questioned. This constitutes the issue here involved. The state has briefed the first proposition but not the second; the defendant has briefed the second proposition but not the first.

The general rule with reference to the entering of nunc pro tunc orders, recognized by all the authorities, is that it is an order to correct the entry of an order previously made not speaking the truth as to what was actually done, or to make a record of what was previously done by the court and not then entered, especially where the result will be to effect or perfect an entry which should have been made as a matter of course and as a legal duty to prevent injustice.

In 42 C. J., p. 536, § 223, it is stated:

"Clear and satisfactory evidence of a previous order is necessary. While there is authority to the effect that an order may be entered nunc pro tunc on parol evidence if it is clear and sufficient, the rule, sustained by decisions in some jurisdictions, is that an order should be entered nunc pro tunc on written evidence only, and that the best evidence is some memorandum, minute, or other data of record or in the authentic files of the cause. Where an issue of fact as to the passage of an order is involved in a

motion to enter it nunc pro tunc, the court should decide such issue without the intervention of a jury. And where the evidence was conflicting as to the original passage of an order, the appellate court will not control the discretion of the lower court in refusing to allow its entry nunc pro tunc."

It is a further recognized general rule that an application for a nunc pro tunc order is not barred by the statute of limitations, where no intervening rights have been affected, although a lapse of time may call for closer consideration and stronger testing showing that the order was in fact made.

In 42 C. J., p. 537, § 225, it is stated:

"A nunc pro tunc entry of an order relates back and operates to make the order effective as of the date when it should have been entered; but it cannot so operate as to give force to a prior order void for want of jurisdiction. An order entered nunc pro tunc must be respected and enforced the same as if it had been entered when made. An order entered nunc pro tunc is record evidence of the facts stated therein, and like other records is conclusive and indisputable, and *is not open to collateral attack by a party to proceedings because not made upon sufficient evidence or because of erroneous findings of fact or because not supported by the findings of fact.* But while a nunc pro tunc order is retroactive, the court may look to it as of the date of the entry to ascertain the particulars in which is varies from the former order and, if variant, determine from it the actual facts therein recited."

Applying the above principles of law to the facts in the instant case, we find that the application for the order was made before the district court of Tulsa county to correct the journal entry of a judgment rendered in that court. Both the state and defendant were represented at that hearing, and testimony was taken. This testimony

does not appear in the record, but reference is made to a part of the testimony and to the fact that the court reporter who took the same was dead and his notes could not be read. It also reveals in the order nunc pro tunc that the judge to whom the application was made interviewed, or took the testimony of the judge who tried the cases and signed the journal entries, and that he stated it was the intention at the time the judgments were entered that they should run concurrently. It appears that the clerk, by mistake or inadvertence, failed to place in the judgment, the order of the court to the effect that the judgments or sentences in the two cases should run concurrently.

It will be noted that in the citation from Corpus Juris above quoted, it is said:

"An order nunc pro tunc is record evidence of the facts stated therein, and like other records is conclusive and undisputable, and is not open to collateral attack by a party to proceedings because not made upon sufficient evidence."

The case of Courtney v. Barnett, 65 Okla. 189, 166 P. 207, 209, by the Supreme Court of this state, is cited to support this statement. It is there said:

"The plaintiff appeared and was represented by counsel at the hearing of the application to make the nunc pro tunc order. No appeal was taken from said order, and we conclude that such order is binding upon the plaintiff and effective, notwithstanding that the court may have committed error in making it. If the evidence was insufficient to justify the court in making the order, the plaintiff could have secured a review of such evidence by an appeal; not having appealed, we conclude that the plaintiff cannot now impeach such order collaterally in this cause."

Just so in the instant case. Both the state and the defendant were present at the time the order nunc pro tunc

was entered. The court had jurisdiction of the parties, and the subject matter. A full hearing was had and the order was entered. Under this state of facts, this court will not set aside this order. For all we know, other testimony may have been heard by the court at the time of making the order, and this being a final order from which no appeal was taken, we are of the opinion that the order entered by the district court of Tulsa county was a valid order.

From the above statement, it becomes unnecessary to pass upon other questions presented.

It is therefore ordered that the Warden of the State Penitentiary give the defendant Cecil Harris credit on his 25 year sentence in case No. 6314, from the 25th day of September, 1933, the time of his entry into the State Penitentiary, and if he has served sufficient time from that date to satisfy the judgment and sentence, that he be discharged; otherwise that he be held a sufficient time to complete said sentence.

JONES, P. J., concurs. DOYLE, J., not participating.