**Leroy CHILDERS, Petitioner,**

**v.**

**Ray H. PAGE, Respondent.**

**No. A–14921.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

**917**

Leroy Childers, pro se.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

### PER CURIAM:

This is an original proceeding in which Leroy Childers seeks a writ of habeas corpus alleging that his present incarceration in the state penitentiary is under the authority of a judgment and sentence made void by the fact that he was sentenced to twelve years imprisonment for the crime of burglary in the second degree which is a sentence in excess of the statutory punishment provided for that crime.

It is true that the maximum punishment that can be imposed on the conviction of burglary in the second degree is seven years as provided by 21 O.S.1961, § 1436. However, in the instant case this court has been furnished with a copy of the order nunc pro tunc correcting the judgment and sentence rendered in Case No. 4876, State v. Leroy Childers, District Court of Okmulgee County, pursuant to which Petitioner is presently confined, to read "burglary second degree after former conviction of felonies." The judgment and sentence of the District Court of Okmulgee County dated April 30, 1968, sentencing Petitioner to twelve years imprisonment has thus been corrected to indicate the crime as "burglary second degree after former conviction of felonies."

It is clear that under the authority of 21 O.S.Supp.1968, § 51, which provides for greater punishment for second and subsequent offences after a former conviction of a felony, that the District Court could imposed a sentence of twelve years imprisonment for the crime of burglary in the second degree after former conviction of a felony.

The power of a court to correct clerical errors in its orders is well established. Petitioner has received notice of the order nunc pro tunc by the District Court. He has not challenged the propriety of this order and we therefore presume in the absence of a challenge that said order is proper. Ex parte Harris, 83 Okl.Cr. 280, 176 P.2d 508.

Therefore, since the allegations of Petitioner have been overcome by the records and there being nothing appearing which would justify the granting of a writ of habeas corpus, the writ is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.