**Anthony B. and Treva LEMOS, Appellants,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–80–420.**

Court of Criminal Appeals of Oklahoma.

March 17, 1982.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellants.

Jan Eric Cartwright, Atty. Gen., Robert A. Nance, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellants Anthony B. and Treva Lemos were convicted in the District Court of Comanche County, Case No. 79–6, of Delivery of Phencyclidine, a drug classified as a controlled dangerous substance in Schedule III of the Uniform Controlled Dangerous Substances Act of the State of Oklahoma, in violation of Laws 1975, ch. 22, § 1; now Laws 1981, ch. 229, § 1; 63 O.S.A.1981, § 2–401. They were each sentenced to serve ten (10) years' imprisonment.

On July 17, 1978, Comanche County Deputy Sheriff Brenda Mahan, working undercover, went to the appellants' residence with a confidential informant to buy illegal drugs. Deputy Mahan and the informant met Anthony Lemos as he was leaving his residence, and the informant told Lemos that he wanted to buy some Angel Dust. The three then went into the house where they met Treva Lemos. Deputy Mahan purchased eight-tenths of an ounce of Phencyclidine, Angel Dust, for $25.00.

Initially, the appellants contend that Deputy Mahan's testimony connected them with another illegal drug, THC, and that this evidence constituted reversible error. The following three bases are advanced to support their claim: evidentiary harpoon, other crimes, and improper reputation evidence.

The remark was as follows:

Q. (By Mr. Tannery) What did you hear in response?

A. Okay, the response was, 'You don't need any of that stuff.' No. I beg your pardon. The first—that was one of his later statements. The statement was saying that he was going to get some THC.

At this point, there was a defense motion for a mistrial, which was denied.

■ The first allegation is that this statement prejudiced the appellants by impugning Treva Lemos' credibility, whose testimony had to be weighed against the testimony of Deputy Mahan. The appellant urges this Court to find that this constituted improper reputation evidence going to the appellants' credibility. *Riddle v. State*, 373 P.2d 832 (Okl.Cr.1962). That case, however, is inapplicable. In *Riddle*, there was a swearing match between a witness for the State and a witness for the defense. The State then attempted to bolster the credibility of their own witness by bringing in a rebuttal witness who testified for his character. This Court held that the rebuttal was improper and should have been excluded. In the case at hand, the *Riddle* rule does not apply.

Next, it is argued that this was an evidentiary harpoon, which (1) is generally made by an experienced police officer; (2) is voluntary; (3) is wilfully jabbed; (4) introduces evidence of other crimes; (5) is calculated to prejudice; (6) does in fact prejudice the defendant. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980).

The questioning must be reviewed to respond to this argument:

Q. (By Mr. Tannery): Okay, and you say you encountered this individual on the porch?

A. Yes. He was coming out the screen door.

Q. What if anything did you say at this time, or did you hear this individual say?

Q. What did you hear in response?

A. Okay. The response was, 'You don't need any of that stuff.' No, I beg your pardon. The first—that was one of his later statements. The statement was saying that he was going to go get some THC.

■ The statement regarding THC was a response to the prosecutor's question, and the prosecutor had already been ordered not to inject evidence of other crimes when the trial court sustained the appellant's pretrial motion in limine to exclude statements and evidentiary harpoons of other crimes. Therefore, while the reference to THC was

not an evidentiary harpoon, it was improper for the prosecutor to lead the witness into revealing this evidence of another crime.

The State argues that this is not evidence of another crime, "and at most shows an intent to commit a crime." The State is reminded, however, that evidence of an intent to commit another crime is prejudicial and has been recognized by this Court as such.

The improper testimony in the present case concerned plans and uncommitted acts. However, the State cannot inject evidence of a defendant's criminal character and claim that technically it is not evidence of other crimes just because there has been no actual crime committed. The evidence of an alleged plan or of a defendant's criminal propensities can be just as harmful and create as much prejudice. (citations omitted). *Turner v. State*, 629 P.2d 1263 (Okl.Cr.1981).

The fact that this was improper evidence of another crime does not automatically result in relief for the appellant, however, if the error is slight in relation to the weight of the evidence. This is clearly a situation in which the error was harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

 Finally, the appellant argues that the trial court erroneously failed to admonish the jury regarding the other crimes evidence and failed to instruct the jury regarding the proper use of other crimes evidence. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), is cited in support of this argument, but *Burks* is speaking of those cases in which other crimes evidence has been properly admitted for a limited purpose. In the case before us the evidence was slight, though improper, and this is one situation in which the admonition and instruction, neither of which were requested, could have resulted in a harmful emphasis on the evidence.

The judgments and sentences are affirmed.

CORNISH, J., concurs.

BUSSEY, J., concurs in results.