**Damon Tucker ANDERSON, a/k/a Chub Anderson, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–81–772.**

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1983.

Alan R. Carlson, Garrison, Brown & Carlson, Bartlesville, for appellant.

Jan Eric Cartwright, Atty. Gen., Patrick W. Willison, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Damon Tucker Anderson, a/k/a Chub Anderson was convicted of Unlawful Culti-vation of Marijuana, in the District Court of Rogers County, Case No. CRF–81–88, pursuant to 63 O.S.1981, § 2–509. The court sentenced the defendant to ten (10) years' imprisonment with six (6) years suspended and set a fine of $50,000.00.

On August 6, 1980, Agents John Guyton and J.L. Harris of the Oklahoma Bureau of Narcotics and Dangerous Drugs met with an informant who advised them that Damon Anderson a/k/a Chub Anderson was engaged in cultivating a field of marijuana approximately the size of a football field. The informant then guided the agents to the marijuana field the "backway" so as to avoid detection. Upon entering the field of marijuana to take photographs and samples, the agents observed the defendant harvesting the plants with a large knife and gathering the stalks under his arm. At this point, defendant was placed under arrest and samples of marijuana were seized as evidence. Later that evening, Agent Guyton obtained a search warrant for the defendant's residence area and recovered "copious" amounts of marijuana in various stages of processing from the residence trailer and outbuildings.

█ In his first assignment of error, defendant alleges that the drug agents' initial entry onto his land violated his right to privacy and that all evidence obtained pursuant to the warrantless intrusion should have been suppressed. In support of his argument defendant cites *Katz v. U.S.*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), and argues that he had a reasonable expectation of privacy in the marijuana field because of its isolated location. However, we are of the opinion that the present situation falls within the open-field doctrine established in *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). The uncontroverted facts are that the area searched was not a curtilage area. *Hunsucker v. State*, 475 P.2d 618 (Okl.Cr.1970). The distance between the marijuana field and the defendant's residence was estimated to be between 200 to 300 yards from the residence-curtilage area. The fenced north field was further separated by the sharp

ravine formed by Cedar Creek. Protection afforded by the Fourth Amendment against unreasonable searches and seizures is not extended to open fields, therefore no search warrant was required for the agents' initial entry upon the land. *Luman v. State,* 629 P.2d 1275 (Okl.Cr.1981). We conclude that the evidence thus obtained did not violate the defendant's right to be free from unreasonable search and seizure and was properly admitted into evidence. Defendant's first assignment of error is without merit.

In his second assignment of error, defendant alleges that the search warrant and warrant affidavit are overly broad and that the evidence seized incident thereto should have been suppressed. Specifically, defendant alleges that language in the search warrant subjects non-contraband articles to seizure as follows:

> Instrumentalities used in the processing and cultivation of marijuana including compressors, scales, or other weighing devices, moneys, receipts or records of marijuana transactions, or other weighing or packaging devices, marijuana paraphernalia and/or other smoking devices.

A close reading of the search warrant, in context, reveals that all listed items authorized for seizure are clearly limited to those used in the processing and cultivating of marijuana. The specificity with which the items are listed prohibited a "general exploratory rummaging in a person's belongings," which was condemned in *Kinsey v. State,* 602 P.2d 240 (Okl.Cr.1979). Therefore, we are of the opinion that the search warrant did not authorize the executing officers to conduct a search for evidence of other crimes but only to search for and

seize evidence relevant to the crime of cultivation of marijuana. *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). Defendant's second assignment of error is without merit.

In his third assignment of error, the defendant argues that the search warrant is inaccurate and unconstitutionally vague in its description of the premises to be searched.[1] The search warrant sets out two different routes to the premises to be searched: the first description is the route the agents had taken earlier in the day to verify the field of marijuana; the second description is a direct route to the defendant's trailer house. Defendant argues that the first description contains an obvious typographical or clerical error in which the officers are directed "thence last 5.6 miles on said section road approximately 5 miles."

The instant case is analogous to *Whitchurch v. State,* 572 P.2d 266 (Okl.Cr. 1977). In *Whitchurch,* this Court said that a mere clerical error did not constitute reversible error where the executing officer had previous knowledge of the premises to be searched and thus had no need to rely on the description of the location contained in the warrant. In the instant case, Sheriff Codding an executing officer testified that he was familiar with the defendant's residence through prior contacts with the defendant. Also, Agents Guyton and Harris had investigated the premises earlier in the day, prior to obtaining the warrant. Considering these circumstances, we are of the opinion that there is no reversible error in the description. The defendant's third assignment of error is without merit.

---

1. The search warrant reads in pertinent part as follows:

   Said search to be conducted at the following described location:

   In the field located at the following location: north on US 75, 3 miles from Don Tyler Ave, Dewey, OK, to a section line road intersecting US 75. Thence east *5.6 miles on said section* line road approximately 5 miles, then south of on an intersecting north-south section line, about 1 mile, turning east of said road where it curves past a trailer, then proceeding east on said road past several oil field tanks, then across a dry creek bed, then east another approximately ¼ mile to a second creek bed across an open field about 500 yards across a creek bed to the north, to a fence running east-west, which borders a field containing green growing plants on its southern edge 2—In a trailer house and/or outbuildings) which is located by travelling N on US 7 3 miles from Don Tuler [sic] Ave, Dewey, OK thence east on a section line road 5.6 miles thence south through a green metal gate following the road which leads from said section line through said green metal gate to said trailer.

■ With regard to defendant's final assignment of error, we need only point out that the affiant, Agent John Guyton personally observed the defendant cultivating an open field of marijuana the size of a football field and presented testimony under oath regarding the preceding events. See, *Panther v. State*, 637 P.2d 1267 (Okl. Cr.1981). We find no merit in defendant's argument that the affidavit was constitutionally insufficient for lack of probable cause. Defendant's final assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BRETT, J., concurs in results.