**David Hood HANCOCK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–463.**

Court of Criminal Appeals of Oklahoma.

May 20, 1983.

As Corrected June 10, 1983.

Jack K. Mayberry, Jack E. Gordon, Jr., Claremore, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

David Hood Hancock, the appellant in this case, was convicted by a jury in Rogers County of Rape in the First Degree, committed upon his thirteen-year-old stepdaughter. He was sentenced to five years' imprisonment, and appeals.

Evidence adduced at trial revealed the appellant, his wife and the thirteen-year-old prosecutrix all slept in the same bedroom in a house they shared with another family. The prosecutrix testified that, in the early morning hours of August 7, 1980, after her mother had gone to work, the appellant awakened her and had sexual intercourse with her.

The appellant's first allegation of error is that the trial court should have granted a mistrial based on improper voir dire questions propounded by the prosecutor. The two instances in question are:

MR. McBRIDE: Under any circumstances, would you think it would be proper for a step-father to educate his stepdaughter by having intercourse with her?

\*　　\*　　\*　　\*　　\*　　\*

MR. McBRIDE: Okay. Do you think it's proper under any circumstance for a parent to have sex with his child?

JUROR: Oh, no.

MR. McBRIDE: What about a step-parent?

The appellant's objections in both instances were sustained by the trial court.

■ We agree with the State that the prosecutor's questions were a legitimate area of inquiry. They concerned matters germane to the issues to be tried. Nonetheless, the alleged error was not properly preserved in the appellant's motion for new trial. It was therefore waived. *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982).

The appellant's second allegation of error concerns the fact that his wife was permitted to testify that he had admitted to prior sexual activity with the prosecutrix. The evidence had been ruled inadmissible during a prior motion in limine, but the judge permitted the State to bring the evidence out at trial.

■ Initially, we point out that motions in limine are advisory in nature. *Teegarden v. State,* 563 P.2d 660 (Okl.Cr.1977). It was within the trial court's discretion to amend or change the order as the evidence developed.

■ This testimony was admissible under the identity or common scheme or plan exceptions of 12 O.S.1981, § 2404(B). It corroborated Dr. Holt's testimony that the prosecutrix' vagina was comparable to that of a sexually active adult female. It also served to substantiate the prosecutrix' contention that the appellant refused to let her leave the house or associate with boys her age. In addition, the evidence was consistent with the testimony of the mother of the family with whom the appellant's family lived, that the prosecutrix' behavior changed from that of a normal thirteen-year-old to that of a silent, constant companion of the appellant whenever he was near. Moreover, Mrs. Hood's testimony

that the appellant had admitted to prior episodes of sexual intercourse with the prosecutrix made no reference to specific instances, and was limited to two short statements.[1] No admonishment or instructions concerning this matter were requested or given. However, we believe the language of *Lemos v. State,* 642 P.2d 279 (Okl. Cr.1982) to be controlling:

> ... this is one situation in which the admonition and instruction, neither of which were requested, could have resulted in a harmful emphasis on the evidence. At 281.

■ The appellant's third assignment of error is that the trial court improperly denied the appellant's motion for new trial based on newly discovered evidence.

The newly discovered evidence consisted of the affidavits of the prosecutrix and her mother (the appellant's wife), which denied the truthfulness of their testimony at trial. The prosecutrix was examined at length during the hearing on this motion. She stated she had testified against the appellant because she was mad at him for punishing her. At the conclusion of her testimony, the judge refused to call further witnesses or grant a new trial.

The appellant has failed to cite any authority whatsoever for his contention. We shall not search the books for him. *Sandefur v. State,* 461 P.2d 954 (Okl.Cr.1969).

■ Furthermore, the decision to grant a motion for new trial lies within the trial court's discretion. See, *Lemmon v. State,* 538 P.2d 596 (Okl.Cr.1975). The trial court heard the prosecutrix' testimony and observed her behavior during the hearing. He was able to contrast that with her conduct and testimony at trial. Having considered the record of the witness' testimony in both instances, we are convinced the trial court properly overruled the appellant's motion.

\* \* \* \* \* \*

He [the appellant] said him and (D.J.D., the prosecutrix] was lovers. (Tr. 209).

1. The witness' statements were:
   He [the appellant] said that he had been having—with her for a long time. (Tr. 209);

██ In his fourth assignment of error, the appellant attacks the "Allen" instruction given the jury after they reported they were deadlocked.

The instruction was very similar to that approved in the past. See, *Pickens v. State,* 600 P.2d 356 (Okl.Cr.1979). We have repeatedly held that *Allen* instructions are proper and do not violate defendant's rights if proper language is used. *Sartin v. State,* 637 P.2d 897 (Okl.Cr.1981); *Day v. State,* 620 P.2d 1318 (Okl.Cr.1980); *Pickens,* supra.

We find no error in the substantive content of the instruction. Furthermore, the giving of the *Allen* instruction was within the discretion of the trial court. *Pickens,* supra, *Glaze v. State,* 565 P.2d 710 (Okl.Cr. 1977). There was no abuse of discretion in this case.

The appellant's final allegation of error is that the cumulative effect of the above allegations of error denied him a fair trial. Inasmuch as we have found no error justifying modification or reversal, and in light of the fact the appellant received a sentence of five years' imprisonment, this argument cannot stand. *Brinlee v. State,* 543 P.2d 744 (Okl.Cr.1975); *Haney v. State,* 503 P.2d 909 (Okl.Cr.1972).

The judgment and sentence is AFFIRMED.

CORNISH, J., concurs in results.

BRETT, J., concurs.