Arvle Edward TEAGUE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–696.

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1984.

---

ranger to the Teague property to watch the back gate to prevent anyone from leaving with the contraband, while he applied for a search warrant. Sidebottom and the ranger entered the property, which had no trespassing signs posted, and found the location of the marijuana. The undersheriff then met the sheriff in Westville and they returned to the Teague property and executed the search warrant. The sheriff arrested Arvle Teague, who admitted to sole control of the property, and then he confiscated the contraband.

As his first assignment of error the appellant argues that evidence was obtained through an illegal search and seizure and that his motion to suppress and motion for acquittal were erroneously denied. The land originally searched by the deputy was not within the protected curtilage area; rather it was a cultivated field a quarter mile away from any residence and, therefore, the "open field" doctrine applies in the instant case. This Court has held that, "Protection afforded by the Fourth Amendment against unreasonable searches and seizures is not extended to open fields, therefore no search warrant was required for the agents' initial entry upon the land." *Anderson v. State,* 658 P.2d 501 (Okl.Cr.1983); *Luman v. State,* 629 P.2d 1275 (Okl.Cr. 1981). We therefore, find this assignment of error to be meritless.

Lloyd E. Cole, Jr., Stilwell, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., for appellee.

The appellant also assigns as error the trial court's refusal to grant his motion requiring the State to reveal the informant's identity. We held in *Mills v. State,* 594 P.2d 374 (Okl.Cr.1979), that the defendant must establish by a preponderance of the evidence that the disclosure of the informant's identity is relevant to a fair defense. In the instant case the informant participated in no other way than to inform the sheriff that marijuana was being cultivated on the property. The disclosure of the informant's identity would not have aided in the establishment of the guilt or innocence of the appellant. We likewise find this assignment of error to be without merit.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

The appellant, Arvle Edward Teague, was convicted in Adair County District Court, Case No. CRF–80–55, of Unlawful Cultivation of Marijuana and sentence was set at a fine of twenty-five thousand dollars ($25,000) and two (2) years' imprisonment.

On the morning of August 11, 1980, Adair County Sheriff, Dan Abbott, was told by an informant that marijuana was being cultivated in Adair County. The sheriff flew over the property in a plane he obtained in Tahlequah and observed large areas of vegetation that appeared to be marijuana. Sheriff Abbott testified that he sent his undersheriff, J.W. Sidebottom, and a park

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.