Thomas Henry PORTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-313.

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1984.

John R. Couch, Jr., Stillwater, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

The appellant, Thomas Henry Porter, hereinafter referred to as the defendant, was charged, tried and convicted of Robbery with Firearms, After Former Conviction of a Felony, in the District Court of Payne County, Case No. CRF–80–77, was sentenced to thirty (30) years' imprisonment, and he appeals.

On January 16, 1980, a black male entered Charlie's Discount Drug Store in Stillwater, Oklahoma, and asked Charles Holcomb, the owner of the store who was alone at the time, where the cough drops were located. The man walked to the check-out counter with his cough drops, brandished a pistol at Holcomb, and demanded all of his Class A narcotics, specifically demanding Percodan and Demarol. Fearing injury, Holcomb filled a sack with drugs and was then handcuffed. At that time, a customer, Cheryl Liles, entered the store and the man, dressed in a three-quarters length coat, pretended to be an employee and sold her a pack of cigarettes despite Liles having to show him where the cigarettes were. After she left, the man took a money bag and the sack full of prescription drugs and fled. Mr. Holcomb managed to push a silent alarm which notified police.

Mr. Holcomb testified that he made a conscious effort to observe the man; that he was within two feet of him; and that the store's lighting was excellent. He identified defendant's photograph from about thirty-two (32) other photographs at the Stillwater police station but testified that his identification of the defendant was based on the actual robbery not on his remembering the photograph at the police station.

Similarly, Mrs. Liles testified that her identification of the man in the store as the defendant was based on the robbery and not on her picking out the defendant's picture from the other photographs.

Defendant complains in his first assignment of error that the picture of him in the photographic "showup" was the only one which failed to show a placard identifying it as having been taken at the Stillwater Police Station on a certain date. Instead, a small piece of another picture was posted over the lower portion of defendant's photograph giving the effect that his photograph had been taken at the Stillwater Police Station like the other pictures. Conceding that the photographic lineup viewed by Mr. Holcomb and Mrs. Liles may have been suggestive, we must focus on whether their identification was reliable under the totality of the circumstances. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court set forth factors to be considered when determining whether an in-court identification was tainted by a pre-trial confrontation. These factors include: 1) the prior opportunity of the witness to observe the defendant during the alleged criminal act; 2) the degree of attention of the witness; 3) the accuracy of the witness' prior identification; 4) the witness' level of certainty; and, 5) the time between the crime and the confrontation. *Manson,* supra.

Applying the factors, we find the following: 1) Holcomb viewed the robber for more than ten minutes at a range of two feet in a well-lit store; 2) Holcomb devoted a great deal of attention to the

robber ("I distinctly remember trying to force myself to watch him very closely, especially his face, so I could identify him in the future. And so I looked at him and tried to remember his face.") [Tr. 38]; 3) the witness' description was accurate even though the defendant had longer hair and a goatee in the picture; 4) Holcomb immediately picked out the photograph of the defendant from several others, based on his observation of him at the pharmacy, and he had no doubt about his identification [1] and never waivered from it; and 5) both Holcomb and Liles picked out defendant's photograph a day or two after the robbery, positively identified him at the preliminary hearing and at trial some ten months later. Under the totality of the circumstances, and it appearing to this Court that the identification was based upon two witnesses observations during commission of the crime, we find that the identification was proper. This assignment of error is without merit. See also, *Porter v. State*, 666 P.2d 784, (Okl.Cr.1983).

■ As his second and final assignment of error, defendant asserts that two of the three certified copies of former convictions were improperly admitted into evidence during the punishment stage of his trial. He does not contest a third conviction as it bore the seal of a governmental office and thus, was properly authenticated. We find it unnecessary to discuss the propriety and form of the other two convictions because the jury returned a verdict of "guilty . . . after former conviction of a felony," and the judgment and sentence properly reflects that it sentenced defendant to thirty (30) years, which was well within the bounds of punishment. Title 21, O.S.1981, § 801. Had the jury found him guilty after former conviction of two or more felonies, this Court would have had to consider whether the State sufficiently proved one of the other two convictions; however, upon the circumstances we need not decide the issue.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.

---

1. The record reflects the following colloquy on redirect-examination:

Q. Did you see very many photographs? Were you shown very many photographs?
A. Yes.
Q. And did you identify the person who robbed you from those photographs?
A. Yes.
Q. Did you do it as soon as you saw his picture?
A. Yes. (Tr. 85).