**Roy Dean CHATMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–189.**

Court of Criminal Appeals of Oklahoma.

March 24, 1986.

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Lana Cohlmia, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

The appellant, Roy Dean Chatman, was convicted in the District Court of Carter County, Case No. CRF–83–91, of Burglary in the Second Degree, After Former Conviction of Two or More Felonies. Appellant was sentenced to fifty (50) years imprisonment, and he appeals. We affirm.

Briefly stated the facts are that on March 5, 1983, at approximately 7:00 p.m., Juanita Tate returned to her home in Ardmore from a trip to Norman, Oklahoma. As she drove into her garage, she noticed that two of her outdoor automatic lights were turned off. After entering the house, she observed that her kitchen light had been turned on and that the two sections of glass in her den door had been broken. At that point, she heard a crackling sound

from within the kitchen and saw appellant, with some items in his hands, standing by the refrigerator approximately fifteen feet away from her. Ms. Tate began to scream and the appellant gritted his teeth and ran toward her swinging a wooden box at her. Immediately after appellant ran out of the house, Ms. Tate telephoned the police and described the burglar as a black man of medium age, with bushy hair, and a scraggly beard, wearing dark clothes. After being placed on hold by the operator for a few minutes, Ms. Tate was informed by the operator that the police had apprehended the burglar. When the police arrived at her home a few minutes later, they discovered that several items were missing: a white jewelry box with jewelry inside, a car coat, a cassette recorder, a brown wooden box with some foreign coins inside, and a brown bag with geneological maps inside.

Appellant was apprehended by a police officer who received a radio call that a burglary had occurred at Ms. Tate's residence. The police officer drove down a street four blocks from Ms. Tate's address and saw appellant running toward the railroad tracks. When appellant saw the police officer, he threw away a wooden box that he was carrying. After chasing and tackling appellant, the officer frisked appellant and found several articles of jewelry in his pockets. The wooden box and the jewelry were positively identified by Ms. Tate at trial as belonging to her.

Twenty minutes after the burglary occurred, Ms. Tate was taken to the police station, and in a one person showup procedure she positively identified appellant. At trial, Ms. Tate again positively identified appellant as the burglar she had seen in her house on March 5, 1983.

Appellant denied that he committed the burglary and denied that the items in question were found on his person.

In his sole assignment of error, the appellant contends that the trial court erred in overruling his motion to suppress the in-court identification of Juanita Tate as such identification was the result of a pretrial showup which was unnecessarily suggestive and conducive to irreparably mistaken identification.

■ Initially, we find that this proposition was not properly preserved for appellate review for the reason that no objection was made by appellant at trial when Juanita Tate identified him as the man that she saw in her home on March 5, 1983. We have held on numerous occasions that it is the duty of counsel to raise all objections at the proper time, and when this is not done, they will be treated as waived unless they are of such a nature as to deny defendant a fair and impartial trial. *Love v. State*, 360 P.2d 954 (Okl.Cr.1960).

■ Moreover, even though the pretrial showup may have been impermissibly suggestive, we must focus on whether the in-court identification was reliable under the totality of circumstances *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court set forth factors to be considered when determining whether an in-court identification was tainted by a pretrial confrontation. These factors include: 1) the prior opportunity of the witness to observe the defendant during the alleged criminal act; 2) the degree of attention of the witness; 3) the accuracy of the witness' prior identification; 4) the witness' level of certainty; and 5) the time between the crime and the confrontation. *Manson*, supra.

■ Applying the factors, we find the following: 1) Ms. Tate viewed the burglar in a well-lit room from fifteen feet; 2) she testified that she paints portraits and pays special attention to facial features; 3) the witness' pre-showup description was accurate; 4) Ms. Tate positively identified appellant at the showup and never wavered in her certainty; and 5) she identified appellant at the showup at the police station twenty minutes after the commission of the burglary.

Under the totality of the circumstances, it appears to this Court that Ms. Tate's courtroom identification was based upon her observations during the commission of the burglary. Therefore, we find that the identification was proper.

Finally, in addition to the victim's positive identification of appellant as the burglar, the police officer who apprehended appellant testified that about five minutes after the burglary transpired he observed appellant running toward the railroad tracks approximately five blocks from the scene of the crime. The officer further testified that at the time appellant had a brown box under his arm and several pieces of jewelry in his pockets which were positively identified by Ms. Tate as her personal property.

Therefore, in view of appellant's failure to object to the in-court identification, the independent reliability of the in-court identification, and the overwhelming evidence of appellant's guilt, we find that this assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., specially concurs.

BRETT, J., concurs.

PARKS, Presiding Judge, specially concurring:

Although I agree with Judge Bussey that this conviction should be affirmed, I am compelled to comment on the use by police of a one-person show-up as a means of pre-trial identification. In my opinion, a single person show-up, in the absence of an emergency situation, is almost always unnecessarily suggestive. In *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court, discussing one person show-ups, said it was difficult to imagine a situation more clearly conveying the suggestion that the person presented is "believed guilty by the police." *Id.* at 234, 87 S.Ct. at 1936. Accordingly, "[t]he practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *Accord Goudeau v. State,* 637 P.2d 859 (Okl.Cr.1981). *See also Jenkins v. Warrington,* 530 F.Supp. 121 (D.Mont.1982), *aff'd without opinion,* 714 F.2d 152 (9th Cir.1983) ("it is indeed regrettable that law enforcement officials continue to use this questionable method of identification"); Annot., *Admissibility of Evidence of Showup Identification as Affected by Allegedly Suggestive Showup Procedures,* 39 A.L.R.3d 791 (1971). Law enforcement officials in Oklahoma are urged to stop using this improper method of pre-trial identification. In those cases in which a one-person show-up is utilized and identification is not independently reliable, this Court will not hesitate to reverse the conviction. *Goudeau v. State, supra.*

However, because the in-court identification here was independently reliable under the standards announced by the Supreme Court in *Neil v. Biggers, supra,* and *Manson v. Brathwaite, supra,* I agree the conviction should be affirmed.