Michael D. HILL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–27.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1987.

Rehearing Denied Dec. 4, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Michael D. Hill, was tried and convicted in the District Court of Cleveland County for the crimes of Escape from Lawful Arrest After Former Conviction of Two Felonies, Robbery by Force, and Unauthorized Use of a Motor Vehicle in Case Nos. CRF–84–1046, CRF–84–1047, and CRF–1048, respectively, and was sentenced to twenty (20) years', twenty five (25) years', and twenty (20) years', respectively, and he appeals. We affirm.

Briefly stated the facts are that on October 8, 1984, Curtiss Booth's 1983 Z–28 Camaro was stolen. On October 9, 1983, early in the morning, a police officer who responded to a prowler call in South Oklahoma City, observed a car driving away from the area. The officer noticed that the vehicle tag number corresponded with the tag number of Mr. Booth's Camaro. He turned on the overhead rotating light on his vehicle, but the driver failed to stop. Eventually, the driver turned into a field, knocked over a fencepost, drove through a yard, knocked over a fence, drove through another yard and struck a tree branch which brought the vehicle to a stop. Before the vehicle had fully stopped, five (5) persons exited the car, and the officer chased one of the men, later identified as appellant, until he caught him. At that point, the officer told appellant to "give it up" and place his hands against the wall and may have told him he was under arrest. However, when the officer attempted to handcuff appellant, he fought with him, and the officer was forced to hit appellant in the head with his flashlight. As the two men continued to struggle, the owner of a nearby house, Ben Owen, came to the officer's assistance, and Mr. Owen's son also joined in the altercation. All three men were not able to subdue appellant. Eventually, appellant grabbed Officer Easley's revolver, and as he fled he turned and fired the gun. Appellant was later apprehended, placed in a patrol car, and identified by Officer Easley in a one man show-up as the perpetrator.

■ For his first assignment of error appellant asserts that his right to due process was contravened when he was not allowed to test identification at the preliminary hearing and at trial. However, we note that the record does not show whether the trial court sustained or denied appellant's motion. This Court will not presume error from a silent record, and the appellant has a duty to insure that sufficient record is provided this Court to determine the issues raised. *Dollar v. State*, 674 P.2d 48, 50 (Okl.Cr.1984). Hence, this assignment is groundless.

■ Appellant next alleges that the in-court identifications of officer Easley and Mr. Owen were inadmissible because they were unreliable under the totality of the circumstances. We disagree. Initially, we observe that appellant failed to interpose an objection at trial when the witnesses identified him as the perpetrator; thus, this assignment was waived. *Kennedy v. State*, 528 P.2d 317 (Okl.Cr.1974).

■ Furthermore, both Officer Easley and Mr. Owen encountered appellant at the closest possible distance while wrestling with him in a well-lit area, never wavered in their certainty that appellant was the perpetrator, and never identified a person

other than appellant. We therefore find that the in-court identification of appellant is reliable under the totality of the circumstances. *See Chatman v. State*, 716 P.2d 258 (Okl.Cr.1986). There is no error.

In another assignment of error appellant contends that the evidence was insufficient to support a conviction of Unauthorized Use of a Motor Vehicle. He argues that the trial court erred in denying his demurrer. However, since appellant presented evidence in his own defense, the demurrer is waived, and the question of sufficiency of the evidence is determined by an examination of the entire record viewing the evidence in the light most favorable to the State. *Clayton v. State*, 695 P.2d 3 (Okl.Cr.1984). The evidence in the instant case supports the jury's verdict: Mr. Booth's automobile was out of his possession for over a day, the appellant and his accomplices attempted to elude the officer in Mr. Booth's car and they all fled on foot when the officer forced them to stop. This assignment is meritless.

Appellant also alleges that the evidence was insufficient to support his conviction for Escape from Lawful Custody. He maintains that he was never under arrest.

Appellant was charged and convicted under 21 O.S.1981, § 444:

A. It is unlawful for any person, after being lawfully arrested *or detained* by a police officer, to escape or attempt to escape from such peace officer.

.    .    .    .    .

C. Such person who escapes or attempts to escape after being lawfully arrested *or detained* for custody for a felony offense shall be guilty of a felony. (Emphasis Added)

In the instant case, Officer Easley chased appellant after he exited the stolen car, and after catching him, told him to "give it up" and to place his hands on the wall. Testimony also indicates that the officer may have told him "you're under arrest." Then, after an unsuccessful attempt to handcuff appellant, he escaped. We are of the opinion that the evidence is sufficient in that appellant escaped, "after

being lawfully arrested *or detained* for custody for a felony offense." 21 O.S. 1981, § 444 (Emphasis Added). Consequently, we find no error.

The judgments and sentences are accordingly **AFFIRMED.**

BRETT, P.J., concurs.

PARKS, J., concurs in results.

