**Jeffery Dean COLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–606.**

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1988.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Jeffery Dean Cole, was charged by information with the crime of Robbery with Firearms, in violation of 21 O.S.Supp.1982, § 801. He was tried by jury in the District Court of Oklahoma County in Case No. CRF–85–66. The jury found the appellant guilty of Robbery with Firearms After Former Conviction of Two Felonies and assessed punishment at twenty years' imprisonment in the State Penitentiary. The trial court entered its judgment and sentence in accordance with the jury's verdict. From this judgment and sentence, appellant appeals.

At approximately 10:00 p.m. on November 11, 1984, appellant entered a Wynn's IGA grocery store in Oklahoma City. He approached the manager's office and asked if he could cash a check. The assistant manager of the store informed him that he could not cash the check unless he had a check cashing card. Appellant then threw a paper sack to the manager, pointed a gun at both employees in the office, and demanded all the money. The employees complied. After ordering them to lay on the floor, the appellant exited the store. At trial, both employees in the manager's office positively identified the appellant.

At approximately 9:53 p.m. that same evening, Carol Bailey was in the parking lot of the Wynn's IGA when appellant asked her for the time. She responded, informing the appellant that it was 9:53, and they both entered the store. The appellant denied his presence at and the robbery of the store, stating that he was at work until 11:00 p.m. that evening.

As his first assignment of error, appellant argues that the in-court identification by Ms. Bailey should have been suppressed because the identification was irreparably tainted by a hallway showup during a recess at trial. He also argues that a cautionary instruction on eyewitness identification should have been given.

During a recess at trial and before Ms. Bailey testified, the district attorney told Ms. Bailey in the hall that the appellant was in the restroom, and asked her to see if she could recognize him when he exited. Another black man came out of the restroom first, and then the appellant followed, escorted by a uniformed man. At that time, Ms. Bailey identified the appellant as the man that walked into the IGA with her on the night of the robbery.

█ Initially, we note that the appellant failed to object to Ms. Bailey's in-court identification at trial. As such, this assignment of error has not been properly preserved for our review. *Chatman v. State*, 716 P.2d 258, 259 (Okl.Cr.1986); *Johnson v. State*, 554 P.2d 51 (Okl.Cr.1976). Thus our review is limited to a review for fundamental error only.

█ Unnecessarily suggestive pretrial identification procedures may deny a defendant due process. *Green v. State*, 594 P.2d 767 (Okl.Cr.1979). The two-man showup held in the hallway of the courthouse was, in our opinion, unnecessarily suggestive. Even so, this does not result in the automatic exclusion of the in-court identification by Ms. Bailey. *Leigh v. State*, 587 P.2d 1379, 1384 (Okl.Cr.1978). The courtroom identification will not be invalidated if it can be established that it was independently reliable under the totality of the circumstances. *Weatherly v.*

*State*, 733 P.2d 1331, 1338 (Okl.Cr.1987); *Chatman*, supra.

■ There are several factors to consider in determining whether the courtroom identification was tainted by a pre-trial confrontation. Among these are: (1) the prior opportunity of the witness to observe the defendant during the alleged criminal act; (2) the degree of attention of the witness; (3) the accuracy of the witness's prior identification; (4) the witness's level of certainty; and (5) the time between the crime and the confrontation. *Porter v. State*, 674 P.2d 558, 559 (Okl.Cr.1984).

■ Applying these factors, we find the following: (1) Ms. Bailey had an opportunity to view appellant's face both in the light of the parking lot and inside the grocery store; (2) Ms. Bailey described with particularity the style of appellant's hair, the cloth and color of his jacket and other clothing, and the stubble of a newly grown beard; (3) her pre-showup description was consistent with the description of the other eyewitnesses; (4) Ms. Bailey positively identified appellant in the hallway and never waivered in her certainty; and (5) Ms. Bailey identified the appellant in the hallway within approximately three months of the crime. Because the totality of the circumstances test has been met, and the identification of appellant was based upon three witnesses' substantially consistent observations, we find that the identification was proper. *Rowe v. State*, 738 P.2d 166 (Okl.Cr.1987); *Teague v. State*, 674 P.2d 560 (Okl.Cr.1984).

■ Concerning appellant's suggestion that the court should have given a cautionary instruction sua sponte with regard to all three witnesses' identifications, we hold that appellant's failure to request such an instruction operates as a waiver unless he can demonstrate a substantial violation of his rights. *Hair v. State*, 597 P.2d 347 (Okl.Cr.1979). Finding no violation of appellant's rights, his first assignment of error is denied.

Appellant contends in his second assignment of error that the trial court erred by delivering confusing and contradictory instructions to the jury. Specifically, he argues that instructions 4, 5, and 9 were improper because each contained a separate, distinct list of elements which differed from the elements in the other two instructions.

■ The record reveals that the appellant neither objected to the instructions nor submitted his own. Such a failure operates as a waiver of all but fundamental error where the instructions given adequately cover the subject matter of inquiry. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). The complained of instructions adequately described and delineated the elements that the jury must have found in order to have convicted him of robbery with firearms. Instruction 4, however, included language which would have allowed a conviction based on a person's "attempt to rob...." Although this language was not authorized by the pleadings or evidence, such error is not a ground for reversal unless the appellant demonstrates prejudice. *Box v. State*, 541 P.2d 262, 266 (Okl.Cr.1975). Appellant has failed to show prejudice and this assignment must therefore fail.

■ As his third and final assignment of error, the appellant asserts that the court erred by giving an "Allen" instruction to the jury after only one and one-half hours of deliberation, because it may have coerced minority jurors. The jury assumed deliberations at 5:10 p.m. on March 5, 1985, and deliberated until 6:12 p.m., when they were excused for the evening. On March 6, 1985, the jury deliberated from 9:00 a.m. to 9:45 a.m., at which time they indicated that they had not reached a verdict and that they were divided seven to five. The court then issued its "Allen" instruction and after approximately two hours and fifty minutes, the jury returned a verdict of guilty.

Appellant bases his argument solely on the amount of time that the jury deliberated before the trial court gave the instruction; he does not contest the content of the instruction itself. The record reveals that the jurors deliberated for approximately one hour and forty-five minutes before indicating that they could not reach a verdict.

The giving of an Allen instruction lies within the discretion of the trial court. *Hancock v. State*, 664 P.2d 1039, 1042 (Okl.Cr. 1983). We decline to adopt a minimum time period before which the trial court may not exercise its discretion and administer an Allen instruction. Finding no abuse of discretion, and finding that the instruction given was substantively proper and non-coercive, *see Pickens v. State*, 600 P.2d 356 (Okl.Cr.1979), we find this final assignment to be without merit.

Finding no error warranting reversal, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I agree in the affirmance of appellant's conviction, I write separately to comment on appellant's second assignment of error. Appellant claims that conflicting instructions were given to the jury. Particularly, he urges that the instructions given to the jury allowed him to be convicted of a crime not charged. In support of his claim, he points out that one instruction read as follows:

> You are further instructed that the laws of the State of Oklahoma provide, with specific regard to the charge involved in this case, as follows:
>
> Any person or persons who, with the use of any firearms or any other dangerous weapons, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of the one threatened with such device a fear that it is a real firearm, **attempts to rob** or robs any person or persons, or who robs or **attempts to rob** any place of business, **residence or banking institution** or any other place unhabited or attended by any person or persons at any time, either day or night, shall be guilty of Robbery with Firearms. (Emphasis Added)

Appellant argues that the highlighted language allowed him to be convicted attempted robbery or robbery of a residence. However, I note that the instruction was a direct quote of 21 O.S.Supp.1982, § 801. In fact, only the last sentence varies from language used in Section 801. In addition to this instruction, the jury was given instructions as to the necessary elements of the charged crime. These instructions conformed to the evidence presented at trial. After a review of the instructions for fundamental error, I concur in the affirmance of appellant's conviction.