930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Thomas Howard GILBREATH, Petitioner-Appellant,
v.
James L. SAFFLE, Warden, Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 90-7067.
 United States Court of Appeals, Tenth Circuit.
 March 6, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 The petitioner, Thomas Howard Gilbreath, was convicted of robbery with a dangerous weapon after former conviction of a felony. Mr. Gilbreath appeals the district court's denial of his petition for a writ of habeas corpus.
 
 
 3
 The petitioner argues that the Oklahoma trial court erred by sentencing him under a section of the Oklahoma habitual offender statute that was declared unconstitutional in Thigpen v. State, 571 P.2d 467 (Okla.Crim.App.1977). In Thigpen the court found that Okla.Stat., Tit. 21, Sec. 51(B) (Supp.1977), which required two previous felony convictions to enhance a sentence, was unconstitutionally vague because the statutory scheme permitted a jury to impose greater sentences on defendants with only one prior conviction than those for defendants with two or more prior convictions. Id. at 471. However, due to a severability clause in the statute, the validity of section 51(A), which required only one prior conviction, was not affected by section 51(B). Id.
 
 
 4
 In the sentencing stage of Mr. Gilbreath's trial, the prosecution listed two prior convictions in the information. The jury, however, was instructed to calculate the sentence pursuant to section 51(A). The petitioner argues that his due process rights were violated because section 51(A) requires that the prosecution present only one prior conviction.
 
 
 5
 The precedent petitioner cites, Porter v. State, 674 P.2d 558 (Okla.Crim.App.1984), does not support his argument. In Porter the defendant asserted that two of his former convictions were improperly admitted into evidence for sentencing purposes. The court rejected this argument and concluded that the sentence was properly computed because only one conviction was needed to support the sentence imposed. Id. at 560. Contrary to the petitioner's reading of the case, Porter does not state that the listing of two prior convictions triggers the application of the section 51(B). Nor does it state that the prosecution can list only one prior conviction if the jury is to be instructed under section 51(A). We find that the petitioner's argument is without merit.
 
 
 6
 Similarly, the petitioner's reliance on the Supreme Court's decision in Hicks v. Oklahoma, 447 U.S. 342 (1980), is misplaced. In that case the petitioner was sentenced pursuant to section 51(B) which was subsequently declared unconstitutional in Thigpen. The Oklahoma Court of Criminal Appeals, however, affirmed the conviction, concluding that the petitioner was not prejudiced because the sentence was within the range of punishment that could have been imposed under section 51(A). The court vacated the conviction. It held that the "frail conjecture that a jury might have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision" was an "arbitrary disregard of the petitioner's right to liberty" and denied him due process of law. Id. at 346.
 
 
 7
 Significantly, the Court in Hicks observed that the jury had not been properly instructed under the constitutionally valid section of the habitual offender statute. Id. If the jury had been properly instructed, there was a substantial possibility that the jury would have returned a lesser sentence. Id.
 
 
 8
 By contrast, the jury in Mr. Gilbreath's trial was properly instructed under section 51(A). In addition, the fact that the information listed two prior convictions does not render the sentence invalid. We therefore affirm the district court's denial of Mr. Gilbreath's petition for a writ of habeas corpus.
 
 
 9
 This matter is also before the court on the petitioner's motion for leave to proceed on appeal without prepayment of costs or fees and application for a certificate of probable cause.
 
 
 10
 The petitioner can make no rational argument on the law or facts in support of the issues raised on appeal. See 28 U.S.C. Sec. 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 11
 We have reviewed the files and records and conclude that Mr. Gilbreath has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. Sec. 2253. See Barefoot v. Estelle, 463 U.S. 880 (1983).
 
 It is ordered as follows:
 
 12
 1. The filing fee is waived;
 
 
 13
 2. Appellant's motion for leave to proceed on appeal without prepayment of costs or fees is denied;
 
 
 14
 3. Appellant's application for a certificate of probable cause is denied;
 
 
 15
 4. The district court's denial of Mr. Gilbreath's petition for a writ of habeas corpus is affirmed; and
 
 
 16
 5. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3