Kenneth Joe RIDER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–90–247.

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1991.

Michael J. Miller, Lawton, for appellant.

David Lewis, Asst. Dist. Atty., Lawton, Robert H. Henry, Atty. Gen., Alecia A. George, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Kenneth Joe Rider, appellant, was tried by jury and convicted of Operating a Bingo Establishment Without a License (21 O.S.Supp.1986, § 995.12) (Count I), Operating a Bingo Establishment For More Than Two (2) Days During the Same Week (21 O.S.Supp.1986, § 995.10) (Count II) and Operating a Bingo Establishment and Offering Prizes in Excess of Three Thousand Dollars ($3,000.00) (21 O.S.Supp.1986, § 995.10) (Count III) in Comanche County District Court Case No. CRM–89–377, before the Honorable Peter Clinton Moore, Special Judge. Punishment was set at a two thousand dollar ($2,000.00) fine for each count and a one (1) year term of imprisonment in the county jail for each of Counts I and II. We affirm in part and reverse in part.

On June 5, 1990, Lawton Police Officer Marianne Schweitzer went to Apache Tribal Bingo in Lawton, Oklahoma, where she purchased a bingo packet and played bingo. The officer returned to Apache Tribal Bingo the following day and observed that the establishment was offering prizes in excess of three thousand dollars ($3,000.00). The officer again visited the establishment on June 7, 1990, and asked the manager, appellant, for a state license. Appellant admitted that he did not have a state license and claimed that he did not need one. The officer then issued appellant the three citations as set forth as Counts I, II and III above.

■ In his first proposition of error, appellant contends that the trial court erred in excluding evidence which may have mitigated punishment. Appellant readily admits that the statutes under which he was charged do not require a showing of wrongful intent and therefore appellant's beliefs or state of mind at the time the crime was committed is not a defense. However, appellant asserts that evidence tending to show that he conducted the bingo operation believing that it was legal may have resulted in a lesser sentence.

Appellant's contention that mitigating evidence was excluded by the trial court finds little support in the record. In fact, the record is replete with evidence concerning appellant's belief that his actions were lawful and authorized by the Apache tribe. Moreover, during closing argument, defense counsel argued that appellant believed he was acting lawfully and under a valid tribal license. Because appellant does not reveal the nature of the evidence that he was prohibited from introducing, we are unable to conclude that he suffered any prejudice as a result of the trial court's evidentiary rulings. Therefore, the proposition of error is denied. *See Johnson v. State*, 727 P.2d 965, 968 (Okl.Cr.1986).

■ In his second proposition of error, appellant asserts that the trial court erred in giving the prosecution's requested Instruction No. 16. This instruction addressed the requirements for issuance of a state bingo license. On appeal, the State

concedes that inasmuch as appellant admitted at trial that he had no state license, the instruction which mimics the language set forth in 21 O.S.Supp.1989, § 995.1, was irrelevant. Although irrelevant, appellant has failed to demonstrate that he was prejudiced by the instruction. Therefore, reversal is not warranted. *Cole v. State*, 766 P.2d 358, 360 (Okl.Cr.1988).

■ In his final proposition of error, appellant contends that the convictions obtained under 21 O.S.Supp.1986, § 995.10 (Counts II and III) should be reversed because he was not a licensee. We agree. Section 995.10 provides:

No licensee may conduct more that one session per day, each session not to exceed thirty bingo games per session nor may any licensee conduct bingo games in excess of two (2) days per week. At each location each day, a single game of bingo shall not be conducted pursuant to more than one license. No prize greater in the amount of value than Five Hundred Dollars ($500.00) shall be offered or given in any single game of bingo conducted under any such license and the aggregate amounts of all prizes offered or given in all games played in a single session under any such license shall not exceed Three Thousand Dollars ($3,000.00).

Appellant's acts do not fall within the plain language of the above quoted statute. A licensee is defined as "a person for whom a license has been granted." *Black's Law Dictionary*, 921 (6th Ed.1990). Appellant's conviction for Count I, Operating a Bingo Establishment Without a License, mandates the conclusion that he was not a licensee. This Court has consistently held:

that penal statutes are to be interpreted strictly against the state and liberally in favor of the accused, and words not found in the text of a criminal statute will not be read into it for the purpose of extending it or giving it an interpretation in conformity with a supposed policy.

*State v. Humphrey*, 620 P.2d 408, 409 (Okl. Cr.1980). Because appellant was clearly

not a licensee, Counts II and III must be reversed.

On the basis of the foregoing, Count I is AFFIRMED and Counts II and III are RE-VERSED and REMANDED with instructions to DISMISS.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.