53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas H. PORTER, Jr., Petitioner-Appellant,
v.
Larry A. FIELDS and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 94-6437.
 United States Court of Appeals, Tenth Circuit.
 May 4, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 McKAY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Porter, presently serving a life sentence for armed robbery in the Oklahoma penal system, appeals the denial of his petition for a writ of habeas corpus. Mr. Porter sets forth two grounds for error on the part of the district court. He first contends that his state sentence was improperly enhanced pursuant to Okla. Stat. tit. 21, 51. Second, he challenges the propriety of the jury instructions given during the sentencing phase of his bifurcated trial.
 
 
 3
 At trial, Oklahoma offered evidence that Mr. Porter had been convicted of three prior felonies. This evidence notwithstanding, the jury found that Mr. Porter had committed one prior felony and sentenced him accordingly under 51(A). Mr. Porter now attacks the sufficiency of the evidence upon which the enhanced sentence was based. He asserts that the first of his prior offenses does not qualify as a predicate former offense under Oklahoma law because he was sentenced under the Federal Youth Corrections Act. Reading his petition liberally, he also argues that proof of another of his convictions was improperly authenticated and cannot therefore support the enhanced sentence. Mr. Porter, however, has failed to explain why the enhancement cannot rest upon his third conviction.[2] Hence, his argument founders upon the undisputed fact that he received an enhanced sentenced predicated upon only one prior conviction. See United States v. Phelps, 17 F.3d 1334, 1341 n. 10 (10th Cir.), cert. denied, 115 S.Ct. 135 (1994); Porter v. State, 674 P.2d 558, 560 (Okla.Crim.App.1984); see also Webster v. Estelle, 505 F.2d 926, 931 (5th Cir.1974), cert. denied, 421 U.S. 918 (1975).
 
 
 4
 The district court found that Mr. Porter's second claim was barred by state procedural default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). We agree. Mr. Porter did not challenge upon direct appeal the sentencing instructions given to the jury. See Porter, 674 P.2d 558. When Mr. Porter raised the issue in a subsequent state petition for habeas corpus, the Oklahoma Court of Criminal Appeals held that Mr. Porter had defaulted upon his claim. Mr. Porter has made no showing of cause to excuse his failure to raise this challenge earlier. He therefore has failed to meet the "cause and prejudice" standard. We likewise cannot conclude that a "fundamental miscarriage of justice" has occurred: Mr. Porter makes no claim of "actual innocence" and his sentence, in any event, fell within statutory bounds.
 
 
 5
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note, furthermore, that Mr. Porter challenged his third conviction neither in his direct appeal, see Porter v. State, 674 P.2d 558, 560 (Okla.Crim.App.1984), nor in his state petitions for habeas corpus