**Glenn Raymond BOX, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–75–184.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1975.

Rehearing Denied Oct. 23, 1975.

William F. Collins, III, McClelland, Collins, Sheehan, Bailey, Bailey & Belt, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Glenn Raymond Box, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the crime of Cultivation of Marihuana in Case No. CRF–74–411, District Court of Cleveland County. Punishment was assessed at a term of one (1) year under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict the defendant has perfected his timely appeal.

The first witness for the State was Norman Police Officer Patrick A. Lippman who testified that he first made contact with the defendant while attempting to make a residence check at 440½ Elm in Norman. A residence check is a service performed by the police upon request which involves making sure that a residence of one who is out of town is secure. While attempting to find the residence of a Mrs. Bradley at 440½ Elm, he stopped at 440 Elm assuming that there was an upstairs or garage apartment. Officer Lippman

walked along the side of the house and finding no number on the side porch proceeded to the back yard where he noticed a potted plant containing what resembled marihuana. Lippman then returned to the side of the house and knocked at the door. The defendant, evidently in the process of taking a shower, answered and stated that 440½ was upstairs and that it could only be reached by going through the downstairs, having no outside entrance. Upon request, the defendant then let the officer in through the front door and showed him to the Bradley apartment which was checked and found secure. The officer then asked the defendant if he knew what kind of plant was growing in the back yard and the defendant stated that he did. The defendant was then advised of his Miranda rights and was asked by the officer if he knew who was growing the plant. The defendant initially stated that he did not, but after a few moments suddenly said "Okay, I will quit playing games." He was again advised of his right to remain silent, but continued, stating, "Yes, I put that plant in that pot because it had been growing wild in the backyard along with some others." The defendant was then placed under arrest.

The officer testified as to his qualifications concerning his expertise in identifying marihuana plants growing in the wild, identified State's Exhibit No. 4 as the potted plant he found in the back yard and stated that it was a female marihuana plant.

On cross-examination Lippman stated that the request for an out-of-town residence check was filled out by the front office of the police department and that he had nothing signed by Mrs. Bradley, only a "hot sheet" containing descriptions of stolen automobiles, stolen tags and residence check requests, including a written request for 440½ Elm. The officer further testified that when he arrived at 440 Elm he did not observe the mailbox on the side porch with Mrs. Bradley's name on it. He further related that there were three or four varieties of cannabis which are very similar and that only cannabis sativa L. was illegal under Oklahoma law. He further testified that he conducted a Marquis test upon a portion of Exhibit No. 4 and that the test results were positive. He further stated that he was not a chemist or a botanist and had run no other tests.

The State then called Mrs. Ella K. Bradley who testified that she resided at 440½ Elm and that the defendant resided downstairs. She further stated that the only time she ever called anybody concerning her residence was when she called the fire department about putting identification on personal items which might be stolen. She stated that there was a mailbox on the side door of the house with her name on it and that the mailbox was quite visible to one walking down the driveway. She further stated that she at no time called the police department to tell them that she was going to be out of town. The State then rested.

The defendant took the stand in his own behalf and testified that he resided at 440 Elm, that the residence was divided into apartments and that there were four people living in the house on July 7, 1974. He further testified that after letting Officer Lippman into the house, the officer never went up the stairs to the Bradley apartment but asked the defendant to take him to the back of the house to see if it was secure. When Lippman got to the back he looked outside and asked about the plant. He further stated that at no time did he ever tell the officer that the plant in question belonged to him. The officer told him that if the defendant could turn in some people with four or five pounds of marihuana that he could bust, then nobody would have to know that he was ever there. The defendant further stated that he was only a tenant and that the landlord took care of the yard. The defendant did admit that when the officer advised him that there was marihuana in the pot the defendant pointed down to his feet and said "so is that." The defense then rested.

The defendant's first assignment of error urges that the trial court commit-

ted reversible error in overruling defendant's motion to dismiss and motion to suppress the evidence upon the ground that the police officer's search of the premises was illegal and conducted by means of subterfuge. After a careful examination of the record, we are of the opinion that this issue is improperly before the Court. The record indicates that the defendant, prior to the time the State rested, did not object to the introduction of the potted plant because it was the result of an illegal search nor did the defendant at any time request an evidentiary hearing on the matter. The issue was first raised by the defendant at trial after the State rested and by way of a demurrer to the evidence. An objection to evidence obtained by illegal search is not timely when raised at the conclusion of the State's evidence by demurrer or motion for directed verdict. *Watson v. State*, Okl.Cr., 382 P.2d 449. *Ellison v. State*, Okl.Cr., 493 P.2d 837.

■ The defendant's next assignment of error contends that the trial court erred in overruling the defendant's demurrer to the evidence and motion for directed verdict for the reason that the State failed to prove a prima facie case of the crime charged. Again we disagree. Testimony of the officer indicates that the defendant admitted placing the plant in the pot. It should also be noted that the defendant on cross-examination indicated that he knew the plant was marihuana when he testified as follows:

"There was, when he arrested me, you know, he said, 'This is marihuana,' and I pointed down at his feet and I said, 'So is that.' And there was a little plant . . . it was the one he talked about this morning about this high (indicating)."

It is, therefore, apparent that the defendant knew the identity of the plant and had transplanted same. Defendant's second assignment is without merit.

■ Defendant's next assignment of error urges that the trial court erred in over-ruling the defendant's motion to strike the testimony of Officer Lippman for the reason that he was not qualified as an expert to identify that specific type of cannabis which is illegal to cultivate in the State of Oklahoma. The record indicates that Lippman testified that he was not a botanist or a chemist but that he had been trained in the identification of growing marihuana in the field. Whether or not a witness is allowed to testify as an expert rests largely in the discretion of the trial court and its decision will not be disturbed on appeal unless it clearly appears that said discretion has been abused. See *City of Okmulgee v. Clark*, Okl., 425 P.2d 457.

■ In the instant case Lippman testified that he had particular police training concerning the identification of marihuana plants in the field. Liberal cross-examination was allowed concerning the officer's ability to identify the specific plant. The officer further testified that although he was not a chemist or a botanist he had performed a Marquis test upon a portion of the potted plant and that the results were positive. The officer explained that the Marquis test consisted of the breaking of glass capsule containing a liquid and placing the fluid upon the substance to be tested. The results of the tests are dependent upon the color the substance turns.

The defendant argues that the trial court erred in refusing to allow defendant to cross-examine the officer with reference to his specific knowledge of certain chemical, microscopic and other tests. The record reflects that when asked if he had performed certain named tests the officer stated that he had not and that he was not a chemist. The trial court then sustained an objection by the State to any further cross-examination concerning chemical expertise. Under the circumstances we do not believe this to be an abuse of discretion on the part of the trial court and the defendant's proposition is without merit.

■ The defendant's next assignment of error contends that the trial court erred in

permitting testimony concerning other confiscated plants which were not introduced as evidence. The record indicates that the first mention of plants other than the potted plant, Exhibit No. 4, occurred during the direct examination of Lippman when he stated that the defendant told him there were other plants growing in the back yard. There was no objection to this testimony. Next mention of the other plants occurred when the State attempted to identify pictures of the plants. Defense counsel objected and the pictures were never introduced into evidence. The record further indicates that the trial court subsequently admonished the jury to disregard any other plants but the specific one in evidence. It is our opinion that the defendant's failure to object initially, his subsequent cross-examination concerning the plants and the admonishment to the jury cure any possible error that might have been made. It should also be noted that the defendant's brief cites no authority in support of his contention. Defendant's fourth assignment is without merit.

The defendant's last assignment of error attacks the instruction submitted to the jury by the trial court. However, the record shows that no objections were made to the instructions and that no requested instructions were submitted by defense counsel. We have examined the instructions and it is our opinion that they adequately instruct the jury concerning the elements of the crime charged with must be proved beyond a reasonable doubt. Instruction No. 3 reads in part as follows:

"As the charge in this case, you are instructed that if you find and believe beyond a reasonable doubt under the evidence admitted for your consideration in the trial of this case, under these Instructions, that:

1. On or about the 7th day of July, 1974,"

"2. In Cleveland County, State of Oklahoma,

3. The defendant Glenn Raymond Box,

4. Did unlawfully, wilfully, wrongfully and feloniously,

5. Permit cultivation, production, or wild growing of the plant Marihuana, botanically known as Cannabis Sativa, in violation of the Uniform Controlled Dangerous Substance Act of the State of Oklahoma,

6. On land in possession and under control of Glenn Raymond Box, located at 440 Elm in Norman,

then and in that event, you should find the defendant guilty as charged and fixed his punishment in accordance with the law provided in these Instructions, and so state by your verdict."

In *Young v. State,* Okl.Cr., 357 P.2d 562 this Court held in the syllabus thereof as follows:

"The giving of instructions, whether correct or not, which are abstract or are not authorized by the pleadings and evidence, will not constitute a ground for reversal where, under the circumstances, no prejudice results to accused; and the presumption is that an instruction having no application to the case made by the pleadings and proof does not injure accused. This rule is particularly applicable where accused's guilt is clearly established by the evidence."

We believe this to be applicable in the instant case.

Although there is error in Instruction No. 2, concerning the limits of punishment, the error greatly favors the defendant and he cannot now be heard to complain.

The defendant next argues that the plant was growing in a pot and not on "land" in his possession or control, contending that the plant must be growing in the ground in order for there to be an illegal act. We do not agree. To so construe 63 O.S.1971, § 2–509(1), which reads in relevant portions, as follows:

"It shall be unlawful for any person to cultivate or produce, or to knowingly permit the cultivation, production, or

wild growing of any species of such plants, on any lands owned or controlled by such person, . . ."

To allow the growing of marihuana in greenhouses, window boxes, pots, and up-stairs apartment roof top gardens would be absurd. The intent of the legislature in enacting the above statute was to prohibit the cultivation of marihuana. Defendant's last proposition is, therefore, without merit.

It is apparent from an examination of the record as a whole that the defendant received a fair and impartial trial before a jury, that he suffered no violation of a fundamental right and that the judgment and sentence appealed from must therefore be *affirmed*.

This Court, however, calls to the attention of the appellant and the trial court 22 O.S.1971, § 994, wherein it is provided for the discretionary suspension of a sentence after a conviction is affirmed.

BUSSEY, J., concurs.

BRETT, P. J., dissents.