715 P.2d 477 (1985)
Application of OKLAHOMA NATURAL GAS COMPANY for an Increase in its Rates and Charges for Gas Service and for Other Appropriate Relief.
DEPARTMENT OF the AIR FORCE, Appellant,
v.
The CORPORATION COMMISSION OF the STATE OF OKLAHOMA, Appellee.
No. 59521.
Supreme Court of Oklahoma.
July 23, 1985.
Rehearing Denied April 2, 1986.
William S. Price, U.S. Atty., John E. Green, First Asst. U.S. Atty., Oklahoma City, of counsel: Howard Bain, Deputy Chief, General Law Division, Tinker Air Force Base, for appellant, Dept. of the Air Force.
Eddie M. Pope, Asst. Gen. Counsel, Oklahoma City, for appellee, Oklahoma Corp. Commission.
John A. Gaberino, Jr., David E. Crawford, Huffman Arrington Kihle Gaberino & Dunn, Tulsa, for amicus curiae, Oklahoma Natural Gas Co.
HARGRAVE, Justice.
This appeal is brought by the Department of the Air Force questioning issuance *478 of Corporation Commission Order # 228639. This order amounts to a nunc pro tunc amendment of a previous order, # 184005. The Department questions this order on two bases: that the questioned order is not a proper nunc pro tunc order but a modification of a prior order; additionally, the Department contends that the order is defective when measured against the tenets of the federal and state constitutions, for the order retroactively raises the price of gas previously consumed. The appellant, Department of the Air Force, receives natural gas from Oklahoma Natural Gas Company at Tinker Air Force Base, some of which comes under the classification of First Interruptible General Gas Service (Schedule 501 G). Commission order # 184005, dated February 11, 1981, authorized an increase in certain rates charged by ONG. That order recites reliance upon a certain Commission Referee's report containing conclusions and recommendations, and adopts those findings as Order 184005.
Appellant concluded a discrepancy existed in the rate schedule of Order 184005, and the billing for 501 (G) service upon comparison of the released rate schedules effective February 11, 1981 with Oklahoma Natural's billing. That order, 184005, was effective until March 31, 1982, when it was superseded by Order 212291. This appeal deals only with the intervening period between Orders 184005 and 212291. On November 8, 1982, the Commission staff filed an application for a nunc pro tunc order to correct Order 184005 so that the Air Force's liability for the additional sums might clearly appear. This nunc pro tunc order was granted and is here appealed.
That the Corporation Commission may, in a proper circumstances, correct its orders by an order nunc pro tunc after notice and hearing is well established. Central Okl. Freight Lines, Inc. v. Corporation Com'n, 484 P.2d 877 (1971), and cases therein cited.
The function of an order nunc protunc is to correct a judgment so that it speaks the truth of what actually transpired or was considered and decided upon the premises. The proper function of an order nunc pro tunc is to correct errors in a judgment but a nunc pro tunc order may not properly review or correct the original judgment actually rendered. A typical illustration of a nunc pro tunc order exists in a situation where judgment is pronounced from the bench by the trial court in clear and definite terms. Subsequently a journal entry is entered and filed, and later it is determined that the memorial of judgment fails correctly to recite the judgment as rendered by the trial court from the bench. Here relief is clearly indicated by entry of a nunc pro tunc order to correct an error of clerical nature. A nunc pro tunc entry is an order made presently reciting something which was actually previously done. Its office is not to supply omitted action by the court, but to supply an omission on the record of an action really taken but omitted through inadvertence or mistake. Mabry v. Baird, 203 Okla. 212, 219 P.2d 234 (1950). A nunc pro tunc order has a restricted purpose; that of placing upon the record evidence of judicial action which has actually been made, and the correction of the record of a judgment by amendment. The entry of such amendment nunc pro tunc presuppose a judgment actually rendered at the proper time. Under the rule, the amendment or nunc pro tunc entry may not be made to supply a judicial omission or to correct an error of the court or to show what the court might or should have decided or intended to decide, as distinguished from what it actually did decide. Stevens Expert Cleaners & Dyers v. Stevens, 267 P.2d 998 (Okl. 1954).
In the action now before the court, the Commission's staff sought a nunc pro tunc order to amend by deleting from the order the language concurring with the "erroneous" referee's finding and adding an operatively different phrase.[1] A second change *479 requested is a deletion of another sentence of the order which refers to "these particular customers" as the entire class of First Interruptible customers. The third change sought is the revision of a rate chart by deleting the last four horizontal columns of the chart, leaving only the first line, labeled "Revenue Increase". The remaining columns set forth a .4% increase in revenue, of $1,059,261, and no additional franchise taxes on bills. In summary, the deletion of the adoption of the erroneous referee's report and the deletion of the "erroneous" portion of the table specifying a .4% revenue increase and no "additional franchise tax on bills," coupled with the language added by the nunc pro tunc order (quoted in the previous footnote) substantially alters the holding of the order.
The effect of this change in the chart is to redistribute the $1,059,261 increase. In the first instance, this total sum was to be collected from all First Interruptible gas customers as a general revenue increase. The nunc pro tunc order would have collected that increase only from the sub-class of First Interruptible customers susceptible to a franchise tax on their bill for gas service.
The Commission argues that the rate schedule given in the chart of the original order is erroneous by virtue of a mistake, for the error was perpetuated from an erroneous referee's report. It is asserted the order is ambiguous and that fact suffices to demonstrate the propriety of an order nunc pro tunc to correct it. There is language in the order that states an intent to collect franchise payments from those parties incurring them. The order, however, accomplishes this. Franchise payments are collected from residential, commercial and regular industrial customers, thus the language used is not facially inconsistent with the rate chart.
This proceeding, dealing as it does with an order of the Corporation Commission, rests on a different footing than the usual judicial proceeding as it stands in reference to this nunc pro tunc order. The Commission's brief recognizes this fact. At page five of the Appellee's brief it is stated: "The Commission adopted the referee's policy recommendations, but it also perpetuated his scrivener's error." This cause does not demonstrate the foundations necessary to demonstrate relief by nunc pro tunc order as would the usual court proceeding. In a routine District Court proceeding, nunc pro tunc relief is appropriate where the journal entry fails to recite the findings and judgment made by the court. Here, however, the Commission adopted what is now alleged to be an erroneous report. The order issued correctly followed the erroneous referee's report. Thus the order correctly recited the finding that was made, albeit that finding is now referred to by the Commission as erroneous. An error in a journal entry which correctly recites an erroneous judgment is susceptible only to correction by appeal or motion to vacate as provided by the statute. Stevens Expert Cleaners & Dyers, supra. In referring to the erroneous table, the Commission states in its brief: "Like the referee, the Commission chose to illustrate these findings, as well as set forth its decision as to the appropriate rate design again by means of a table." The Commission also contends the Order can be held complete, correct, and operative if the erroneous rate table is excised. The remaining order is argued to be complete without the table, which is simply erroneous excess verbiage. This contention is refuted by the Commission's own record made in the cause. First, the Commission seeks alteration of two other portions of the order in addition to deleting the rate table. Additionally, if the rate table is entirely unnecessary to the order, it would not have been necessary to request the Commission to delete the entire table except for the line entitled "Revenue Increase."
It is clear that Order # 228639 cannot be properly characterized by the appellation nunc pro tunc order, and is an erroneous attempt to modify a final order of *480 the Commission. The error sought to be corrected existed through the entire proceeding culminating in Order # 184005 from and after the time the referee made his findings. The Commission adopted that report and the order correctly recited that finding. The questioned order contains no scrivener's error and correctly memorializes the findings adopted by the Commission. Relief from that order cannot be obtained through the office of a nunc pro tunc order. Commission Order # 228639 is therefore VACATED.
All Justices concur.
NOTES
[1] The added language reads: "and further find that all customers located within the limits of a municipality imposing franchise payments and gross receipts taxes (including federal, state, county and local government) exempt from state and local sales taxes are to bear their proportional allocation of the local franchise and gross receipts taxes."