**Riley Mitchell JONES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–656.**

Court of Criminal Appeals of Oklahoma.

July 24, 1986.

Ronald H. Mook, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Riley Mitchell Jones, was convicted of the crime of Transporting a Loaded Firearm in a Vehicle After Former Conviction of a Felony in the District Court of Tulsa County in Case No. CRF–84–2336 and was sentenced to seven (7) years imprisonment, and he appeals.

Briefly stated the facts are that on May 26, 1984, appellant evaded a driver's license checkpoint established by Officer Blue by pulling around the line of traffic onto the shoulder and turning onto an adjacent street. When Officer Blue observed that appellant was not going to stop, he pursued appellant, and turned on his emergency lights and siren. After appellant stopped, Officer Blue asked him to step out of the pickup and then to the rear of the truck. As Blue approached the front of the truck to check the inspection sticker, he observed a rifle lying in the floor of the truck. Blue asked appellant to get inside his patrol car, and at about the same time, Officer Van Horn arrived to assist Officer Blue. Van Horn asked the two people inside the vehicle to exit, and Van Horn found loaded weapons in the pickup and several loaded weapons in a bag in the back of the pickup.

At trial, appellant did not testify, but Jerry Leigh, one of the passengers in the pickup, testified that when they were stopped by the police he took the weapons and hid them. He further stated that appellant did not know that the weapons were in the pickup. However, during cross-examination, Leigh admitted that although appellant did not know of the existence of the guns, the rifles were in plain sight.

For his first assignment of error appellant asserts that the trial court erred in overruling his motion to quash the arrest and suppress all evidence seized. We disagree.

 Officer Blue observed appellant as he avoided the roadblock that Blue had established. Since Officer Blue observed appellant in the commission of a misdemeanor, his subsequent stop and arrest of appellant was justified. 22 O.S.1981, § 196; and *Ajeani v. State*, 610 P.2d 820 (Okl.Cr.1980). Moreover, when the officer observed the rifle in plain view lying in the floor of the truck, he was justified in searching the truck to see if any more weapons were present. The trial court properly overruled appellant's motion to quash the arrest and suppress the evidence seized. Thus, this assignment of error is without merit.

 Appellant next contends that the trial court erred in overruling his objection to the prosecutor's question of defense witness Leigh about his pre-trial silence concerning why he had not told anyone prior to trial that the firearms found in the truck belonged to him. This Court has, on numerous occasions, distinguished the right of an accused to remain silent from the assertion of that right as applied to a third person. *Sands v. State*, 542 P.2d 209 (Okl. Cr.1975); *Glover v. State*, 531 P.2d 689 (Okl.Cr.1975); *Walker v. State*, 556 P.2d 1317 (Okl.Cr.1976); *Black v. State*, 664 P.2d 1054 (Okl.Cr.1983). The right to remain silent is a personal privilege which does not vicariously extend to the pretrial silence of third persons. *Walker* at 1320. Therefore, the trial court properly allowed

the State to impeach Leigh's credibility. This assignment is meritless.

In his final assignment of error appellant alleges that the State improperly introduced evidence of other crimes. He argues that the State was allowed to admit testimony concerning the controlled substances seized from the bag in the rear of the pickup. We agree with this contention.

During direct examination of Officer Van Horn, the State introduced, as State's Exhibit No. 13, a black book found in the bag, which contained a note written on yellow notebook paper which stated, "Riley call me when you return, I'll bring your money by." The book was found in the bag where five handguns were discovered. Defense counsel objected to the introduction of this exhibit and made a motion for mistrial which was overruled by the trial court.

During direct examination of Jerry Leigh, a witness for the appellant, who was a passenger in the truck with appellant, he testified that he was the owner of the guns in the truck and that appellant did not know that they were in the truck. He also stated that he placed one of the pistols in a bag in the back of the truck. On cross-examination, Leigh was asked what other items were in the bag in the back of the truck. He responded that the bag contained "three (3) ounces of crystal," "jewelry," and "K4's dilauded [sic]." When he stated that the bag contained "three (3) ounces of crystal" defense counsel objected and made an oral motion for mistrial. However, when he stated that the bag contained "K4's dilauded [sic]" defense counsel did not interpose an objection.

 We are of the opinion that the introduction into evidence of the black book and the note, standing alone, was not error in that it tends to show that appellant had knowledge that the pistols were in the bag. However, this evidence when linked with Leigh's testimony concerning the controlled substances in the bag was improper and highly prejudicial. The testimony considered as a whole connects appellant to the drugs in the bag as well as the weapons. Since this evidence of other crimes does not fall within any of the exceptions set forth in *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980), we agree with appellant's contention that the State improperly introduced evidence of other crimes.

In light of the strong evidence of appellant's guilt, we do not find that the other crimes evidence determined the verdict; however, we are constrained to modify appellant's sentence from seven (7) years to three (3) years.

Accordingly, the sentence is **MODIFIED** from seven (7) years to three (3) years and as **MODIFIED** the judgment and sentence is **AFFIRMED**.

PARKS, P.J., concurs.

BRETT, J., dissents.