**Bobby Gene STEWART, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–62.**

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

Bobby Gene Stewart, the appellant herein, was convicted of Robbery with Firearms After Former Conviction of Two Felonies in the District Court of Muskogee County, Case No. CRF–82–451. Appellant was sentenced to fifty (50) years imprisonment and appeals. We affirm.

On October 10, 1984, at approximately 3:00 a.m., Dveron Jackson and Bud Hardin were drinking together outside a cafe in Mr. Jackson's car, a white Chevrolet Impala, when appellant approached the car and asked Mr. Jackson to give him a ride to the Minit-Stop to buy beer. The three men drove to the store and bought beer and left. Jackson then drove appellant home after he told Jackson that he was going to rob the Minit-Mart. Appellant went in the house for a few minutes and returned to the car. At approximately 4:30 a.m., the trio returned to the Minit-Stop convenience store and Hardin and appellant, who was armed with a revolver, entered the store. When the clerk asked the two men if he could help them, the appellant pointed the gun at him and replied, "You know what we want." The clerk opened the cash register and appellant ordered him to lay face down on the floor while appellant walked to the register. While he was laying on the floor, a customer entered the store and appellant ordered the clerk to get up and act as though nothing was happening. After the customer purchased some cigarettes and left, appellant ordered the clerk to lay down again and demanded more money, threatening to blow the clerk's head off. The clerk operated the time release safe

and gave five (5) ten (10) dollar bills to appellant. Appellant demanded more money and again threatened the clerk, but the clerk told appellant that the safe was on a time release and that he could not obtain more money at that time. At that point, a van, with two persons inside, parked outside the store and one of the occupants entered the store. Once again, the appellant ordered the clerk to act as though nothing was happening. Meanwhile, appellant and his confederate walked around the store for a short amount of time, and then they left the store. Moments later, the appellant walked back in front of the store, looked in and left. The clerk activated an alarm and called the police.

A Muskogee police officer, who was parked about seven (7) blocks from the Minit-Stop store, received the radio dispatch that an armed robbery had occurred at that location. As he approached the scene of the robbery, he observed a light colored, mid–70's model Chevrolet Impala approximately one block from the store with three (3) or four (4) black males inside. He radioed the vehicle description to other police units and proceeded to the robbery location. After talking with the store clerk and the van occupants he radioed the description of the two (2) robbers to other police units. Another officer heard the dispatch and observed the described vehicle and suspects, and he stopped the vehicle. The three (3) occupants were arrested and $94.04 was recovered from appellant among which was five (5) ten (10) dollar bills. The automobile was inventoried and a .22 caliber revolver was found underneath the front passenger seat.

## I

In his first assignment of error, appellant contends that the trial court committed fundamental error by issuing jury instructions and verdict forms which failed to submit to the jury the issue of whether appellant had sustained a single previous conviction for enhancement of punishment purposes, in violation of appellant's constitutional right to a jury trial. We disagree.

■ The appellant failed to request an instruction on this issue, failed to object to the trial court's instructions, and raises it for the first time on appeal. Therefore, appellant waived any error in that this issue was not properly preserved for appellate review. See, *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981). This assignment of error is without merit.

## II

In his second assignment of error, appellant alleges that the in-court identification of him made by State's witnesses Smith and Northfleet should have been excluded because: 1) the pretrial confrontation was impermissibly suggestive and therefore violated due process; and 2) it lacked independent reliability.

In the instant case, even though the one person showup procedure may have been suggestive, we must focus on whether the in-court identification was reliable under the totality of the circumstances. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court set forth factors to be considered when determining whether an in-court identification was tainted by a pretrial confrontation. These factors include: 1) the prior opportunity of the witness to observe the defendant during the alleged criminal act; 2) the degree of attention of the witness; 3) the accuracy of the witness' prior identification; 4) the witness' level of certainty; and 5) the time between the crime and the confrontation.

■ Applying the factors to the testimony of State's witness Smith, we find the following: 1) Mr. Smith testified that he did not have any problem seeing the robbers and that they were in the store for five (5) to ten (10) minutes; 2) he testified that he watched the face of the man who had the gun; 3) the witness' pre-showup description was accurate; 4) he positively identified appellant at the showup and never wavered in his certainty; 5) he positively

identified appellant at the showup a few minutes after the robbery. Moreover, Mr. Smith testified at trial that his in-court identification of appellant as one of the robbers was based upon his observations during the robbery.

Under the totality of the circumstances, we find that Mr. Smith's courtroom identification was based upon his observations during the commission of the robbery.

At trial, when Mr. Northfleet identified appellant as one of the robbers, appellant failed to object; therefore, this assignment of error was not properly preserved for appellate review. See, *Love v. State*, 360 P.2d 954 (Okl.Cr.1960). Moreover, we find that Mr. Northfleet's in-court identification was not tainted by the pre-trial showup. This assignment of error is without merit.

### III

In his third assignment of error, appellant argues that the testimony of State's witnesses Smith, Northfleet, Jackson and Hardin should have been excluded.

However, appellant wholly fails to support this contention with relevant argument or citation of authority. Therefore, we find that this patently frivolous argument is without merit.

### IV

In his fourth assignment of error, appellant maintains that without the corroborating testimony of State's witnesses Smith and Northfleet, appellant's conviction cannot be supported by the testimony of his alleged accomplices.

However, having determined that the testimony of Smith and Northfleet was not tainted by the pre-trial showup and that their testimony was independently reliable under the totality of the circumstances, we find that this assignment of error is likewise without merit.

### V

In his final assignment of error, the appellant contends that the sentence imposed was excessive.

We have repeatedly held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Baldwin v. State*, 596 P.2d 1269 (Okl.Cr. 1979). Considering the overwhelming evidence of appellant's guilt, the nature of the offense in this case, and that appellant has two prior felony convictions, one for Robbery with Firearms After Former Conviction and one for Burglary Second Degree After Former Conviction of a Felony, we cannot find that the punishment imposed shocks the conscience of this Court.

The judgment and sentence is accordingly AFFIRMED.

PARKS, P.J., specially concurs.

BRETT, J., concurs.

PARKS, Presiding Judge, specially concurring:

I concur only in the result in this case, based on my specially concurring opinion in *Hanson v. State*, 716 P.2d 688 (Okl.Cr. 1986) (Parks, P.J., specially concurring).