**Ronald Eugene HAINEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–136.**

Court of Criminal Appeals of Oklahoma.

June 10, 1987.

Thomas G. Smith, Jr., Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Ronald Eugene Hainey, was convicted of Concealing Stolen Property After Former Conviction of Two or More Felonies, in the District Court of Oklahoma County, Case No. CRF–82–3400. Appellant was sentenced to thirty (30) years imprisonment. We affirm.

On June 11, 1982, an antique shop in Edmond was burglarized and merchandise totaling Six Thousand ($6,000) Dollars was stolen. Twelve days later, the operator of another antique shop, located in a shopping mall in Oklahoma City, purchased several of the missing items from a man calling himself Tommy Crawford. The appellant was later identified as the seller. When it was discovered that the items had been stolen, the police asked the shop operator to arrange for the purchase of additional goods. The appellant had given his correct address and telephone number when he made the sale. The purchase was arranged, and the appellant returned to the shop with a pair of antique scales. The scales were not a part of the stolen merchandise. The police had intended to make an arrest when the sale was completed, but did not because of the presence of several unexpected customers in the shop. In order to insure the safety of the customers, they allowed the appellant to exit into the mall area. The officers testified that although they were dressed in plain clothes, they believed the appellant spotted them when he left the shop and attempted to evade them by walking rapidly through the mall. The officers actually did lose sight of the appellant and finally arrested him when he returned to his vehicle. The arrest was witnessed by the appellant's wife, who had been waiting for him in the car. After he was arrested, the appellant spontaneously told an officer that the scales were not stolen.

At trial, the appellant's wife testified that the appellant found the stolen items in a pillowcase at a dump located southeast of Edmond. She stated that they frequently went to the dump to look for firewood and abandoned property. A friend of the appellant's wife testified that she had been with the appellant and his wife when the property was located. The friend and another witness also testified that the appellant had subsequently asked them to check the newspapers for reports or advertisements of stolen antiques. Finally, an attorney testified that he had reluctantly accompa-

nied the appellant and his wife back to the dump in the latter part of July to look for more of the stolen merchandise. He stated that after about an hour of searching, the appellant found a second pillowcase full of antiques which had been stolen in the burglary.

## I.

In his first assignment of error, appellant contends the trial court committed fundamental error by failing to deliver an instruction concerning his theory of defense. Appellant claimed that he had found the antiques at the dump, had no reason to believe that they were stolen, and therefore, had no intent to withhold them from their true owner.

We first note that appellant neither objected to the trial court's instructions nor requested any instructions of his own. In such circumstances, this Court has consistently held that a conviction will not be reversed unless the record demonstrates that the failure to instruct has deprived the defendant of a substantial right. *Wolf v. State*, 375 P.2d 283, 287 (Okl.Cr.1962). *See also* 20 O.S.1981, § 3000.1.

■ In this case, the appellant was given the opportunity to present evidence regarding his defense; he was not restricted in his argument to the jury; and all of the trial court's instructions correctly stated the law. In addition, the instructions specifically informed the jury that the State had the burden to prove beyond a reasonable doubt that the appellant knew or reasonably should have known that the property was stolen and that he intended to permanently deprive the owner of possession. Since the jury was fully apprised of the appellant's claim, and since the trial court's instructions contained the substance of the appellant's defense, we find that the failure to issue a special instruction *sua sponte* did not deprive the appellant of a fundamental right.

## II.

### A.

In his second assignment of error, appellant first contends that the trial court committed reversible error by issuing an instruction on flight. Appellant argues that there was insufficient evidence to justify an instruction, and that his alleged flight from the officers at the shopping mall was too remote to be connected to the earlier sale of the stolen antiques.

■ The record reveals, however, that two experienced police officers were of the opinion that the appellant was attempting to elude them, and in fact, did elude them temporarily. The appellant's conduct in the mall could be interpreted as an attempt to avoid arrest. Accordingly, there was sufficient evidence to submit the issue to the jury. *Farrar v. State*, 505 P.2d 1355 (Okl.Cr.1973); *Wills v. State*, 636 P.2d 372 (Okl.Cr.1981).

■ As to the question of the connection to the original sale, we note that the appellant was not charged with selling the antiques; he was charged with concealing stolen property. Concealing stolen property is a continuing offense. Therefore, we hold that when an accused who is charged with concealing stolen property sells some of the stolen goods, later returns to the place of sale to conduct another transaction, and then takes evasive action to avoid an arrest in connection with the concealment, an instruction on flight is not error.

### B.

■ Appellant also contends that the trial court committed reversible error by failing to define the term "flight" in the jury instructions. *See Wilson v. State*, 96 Okl.Cr. 137, 250 P.2d 72 (1952). Appellant did not object to this failure of definition, however, and so all but fundamental error is waived. *Nash v. State*, 685 P.2d 972 (OklCr.1984). Appellant argues that the court must instruct that flight involves a consciousness of guilt. Here, the trial court instructed the jury that they must find that the flight was induced by an apprehension of arrest before it could be considered as evidence of guilt. While it would have been better for the court to have used the applicable uniform jury in-

struction, we cannot say that the failure to do so determined the jury's verdict. *Ward v. State*, 444 P.2d 255, 259 (Okl.Cr.1968), *cert. denied*, 393 U.S. 1040, 89 S.Ct. 665, 21 L.Ed.2d 588 (1969).

### C.

Appellant further contends that the trial judge committed error when he failed to determine on the record that the probative value of the flight evidence outweighed any prejudicial effect. However, appellant failed to object to the admission of the evidence, and thus waived any alleged error. *See* 12 O.S.1981, § 2104.

### D.

Finally, appellant argues that he was entitled to an instruction telling the jury that they must consider any explanation of a defense witness regarding the alleged flight. *Wilson, supra.* Again, appellant failed to request such an instruction. Furthermore, the witness, appellant's wife, did not see any of the evasive conduct inside the shopping mall, but merely observed the appellant walking toward the car outside the mall. Accordingly, the witness offered no explanation for the flight, and an instruction was not appropriate.

### III.

In his third assignment of error, appellant contends that his right to a fair trial and effective assistance of counsel was prejudiced when the trial judge increased his bond during trial. We disagree.

The determination of bail lies within the sound discretion of the trial court, and this Court will not interfere absent manifest abuse. *Bowman v. State*, 585 P.2d 1373, 1377-78 (Okl.Cr.1978), *cert denied* 440 U.S. 920, 99 S.Ct. 1243, 59 L.Ed.2d 471 (1979). We have previously permitted an increase in bail in the proper circumstances. *In Re Shetsky*, 281 P.2d 769, 772 (Okl. Cr.1955).

In this case, the trial judge had heard the prosecutor's opening statement and part of the evidence connecting the appellant to the crime. In addition, the appellant was a repeat offender who was facing a minimum sentence of twenty years in prison. Under the circumstances, the trial judge believed that a $2,500 bond was insufficient to insure that the appellant would continue to appear for trial. Furthermore, the appellant suffered no apparent prejudice because all possible precautions were taken to avoid alerting the jury, and his attorney was guaranteed full access for consultation. Accordingly, this assignment of error is without merit.

### IV.

In his fourth assignment of error, appellant contends that he was denied his right to a fair trial because the State introduced evidence of other crimes without giving him the notice required by this Court's decision in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). The evidence consisted of testimony about the status of a number of other antiques which had been stolen in the same burglary as those which the appellant was charged with concealing. One of the antiques had been sold by the appellant to another antique dealer, and the balance was turned over to the police when they were found at the dump by the appellant and an attorney after he was arrested on the instant charge.

The testimony, however, did not indicate that the appellant had committed the burglary of the antique shop, or that he had concealed the antiques discovered after his arrest. The appellant was not accused of committing either crime. Accordingly, none of the testimony relating to those incidents constituted evidence connecting appellant to another crime.

On the other hand, the testimony relating to the sale of the other stolen item indicated that the appellant may have been guilty of concealing it as well. Since the appellant was not charged with concealing that item, he argues that the testimony was improper. However, the additional antique and the antiques which the appellant was charged with concealing were stolen in the same burglary, and the appellant claimed to have found them together at the

dump. Therefore, while it would have been the better practice to have charged the appellant with concealing the additional item, or to have given him notice of the State's intent to use the evidence, we cannot say that the failure to do so constituted reversible error.

This Court addressed a similar issue in *Byrne v. State*, 620 P.2d 1328 (Okl.Cr. 1981). In *Byrne*, the information charged the defendant with concealing various coins and earrings which had been stolen in a burglary. At trial, evidence was admitted without notice to show that the defendant was also found in possession of a gold ring stolen in the same burglary. While this Court acknowledged that admitting the evidence without notice was a "problem," we held that the proper remedy was to bar any future prosecution for the additional concealment. In this case, the prejudicial effect from admitting the evidence of the second sale was minimal. The additional evidence was connected to the charge of concealing stolen property because all of the antiques were stolen in the same burglary, and appellant claimed to have found them together at the dump. Therefore, we hold that the proper remedy for this type of error is to bar any future prosecution for concealment of the additional item. *Byrne, supra,* at 1331.

## V.

Appellant next contends that the trial court committed fundamental error by failing to deliver a cautionary instruction concerning the other crimes evidence. Appellant must claim fundamental error because he failed to object to the lack of instruction. *Lipe v. State*, 716 P.2d 700, 702 (Okl.Cr. 1986). In *Burks v. State, supra,* this Court held that the trial court must give the limiting instruction when other crimes evidence is presented. However, in *Scott v. State*, 663 P.2d 17, 19–20 (Okl.Cr.1983), we held that the failure to request a limiting instruction acted as a waiver. Therefore, in these circumstances, considering the relationship between the other crimes evidence, and the crime charged, we hold that it was not fundamental error for the trial court to fail to give a limiting instruction *sua sponte.*

## VI.

In his sixth assignment of error, appellant contends that he was denied due process and equal protection of law because the State refused to honor a plea bargain, and forced him to trial solely because of his inability to make timely restitution. The appellant attempts to analogize his situation to that of an indigent defendant who is jailed because of a failure to pay a fine. *Cf. Morris v. Schoonfield*, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970) (*Morris,* heard together with *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, stands for the proposition that an indigent who is unable to pay his fine may not be continued in confinement beyond the maximum terms specified by statute because of his inability to pay the fine, as this is impermissible discrimination resting on ability to pay). Appellant correctly asserts that he was certified as an indigent at the end of his trial for purposes of appeal. However, we note that at the time of trial, appellant employed a private attorney and was free on a $2,500 bond.

■ This Court has previously held that the State is not required to plea bargain. *Gray v. State*, 650 P.2d 880 (Okl.Cr.1982). In addition, the federal courts have held that a state is not bound to honor a plea bargain agreement which the defendant cannot or will not meet. *United States v. Donahey*, 529 F.2d 831 (5th Cir.1976). Therefore, we hold that, in this case, the appellant was not denied due process or equal protection by being forced to trial on the merits. *See Crawford v. Brown*, 536 P.2d 988, 990 (Okl.Cr.1975).

## VII.

In his seventh assignment, appellant contends that the State prejudiced his right to a fair trial by improperly impeaching two defense witnesses and by making improper comments relating to the impeachments during final argument. We disagree.

## A.

First, appellant argues that the State improperly impeached his wife's testimony by eliciting the fact that she had suffered a conviction which was more than ten years old at the time. *See* 12 O.S.1981, § 2609(B). We first note that appellant failed to object to the testimony, and thus did not properly preserve the issue for appellate review. *Anderson v. State*, 641 P.2d 555, 256 (Okl.Cr.1982). In addition, the appellant has failed to present this Court with a record sufficient to determine the issue on appeal. *See Martinez v. State*, 569 P.2d 497, 499 (Okl.Cr.1977). Here, the witness testified that her conviction was "[t]en years ago." Therefore, the appellant did not meet his burden of showing that the conviction was *more* than ten years old when dated from the later of the time and conviction or the last day of confinement. Section 2609(B), *supra*.

■ Appellant also claims that the State improperly argued that his wife testified as she did in order to save the appellant a prison term because "[s]he's been up the river before. She knows what it's all about." Appellant asserts that there was no proof that his wife had been in prison as was implied by the comment. However, when the appellant objected to the comment at trial, the judge stated before the jury that the comment related only to the conviction, and was not improper. We agree that, so limited, the comment was based on evidence in the record.

## B.

Next, appellant argues that a defense witness who confirmed his story about having found the stolen property at the dump was improperly badgered about a former conviction because she stated that the conviction was for "bogus checks" rather than the correct charge of uttering a forged instrument. In this instance, however, the record indicates that the prosecutor was merely bringing out the actual crime for which the witness had been convicted, and that any badgering was a result of the witness being somewhat argumentative as to the nature of the crime. The actual charge was important because the jury could have interpreted "bogus checks" to mean that the witness had written a check with insufficient funds to pay instead of the true charge of uttering a totally forged instrument. The latter charge is more indicative of a lack of honesty and testimonial credibility.

■ Finally, the appellant complains that the prosecutor acted improperly when he sarcastically asked the witness when it was that she had gone to the police or the district attorney to tell them that the appellant had found the property at the dump. Once again, however, the appellant waived any error by failing to object. *See* 12 O.S. 1981, § 2104. Moreover, the failure to report the story was probative as to the credibility of the witness and was a proper subject for inquiry. Since the prohibition against commenting on pretrial silence does not extend to persons other than the accused, the question was not improper. *Jones v. State*, 723 P.2d 984, 985 (Okl.Cr. 1986).

## VIII.

In his eighth assignment of error, appellant contends that he was denied his right to fair trial because of improper prosecutorial comment during both stages of final argument. We disagree.

■ We first note that appellant failed to object to any of the alleged improper comments. A failure to object waives all but fundamental error. *Langdell v. State*, 657 P.2d 162, 163–64 (Okl.Cr.1982). In this case, although the prosecutor improperly evoked sympathy for the victims, stated that the defense was contrived, and told the jury not to approve the appellant's conduct because "[t]he next time it might be [the jury's] property," we do not believe the comments, when taken in context, were so inflammatory as to require reversal or modification. *See Grant v. State*, 703 P.2d 943, 947 (Okl.Cr.1985) (Parks, P.J., specially concurring).

## IX.

Appellant next contends that the trial court's second stage instructions were fun-

damentally inadequate and unfair in violation of his right to due process. Specifically, appellant complains that the trial court failed to submit instructions or verdict forms informing the jury of the minimum sentence for Concealing Stolen Property *without* former conviction of a felony.

In this case, however, the appellant stipulated to the existence and propriety of his former convictions. In *Jones v. State*, 527 P.2d 169, 173 (Okl.Cr.1974), *overruled on other grounds, Fulton v. State*, 541 P.2d 871, 872 (Okl.Cr.1975), this Court stated: " ... when defense counsel stipulates that former convictions are defendant's convictions ... there is no question of fact [for the jury to resolve]." For over a decade, this Court has repeatedly relied on *Jones*. *See, e.g. Hanson v. State*, 716 P.2d 688, 690 (Okl.Cr.1986) (Parks, P.J., specially concurring). Therefore, although the author disagrees with the rationale of *Jones* and urged its reconsideration in *Hanson, stare decisis* requires a rejection of this assignment of error. *See Golden v. State*, 695 P.2d 6 (Okl.Cr.1985).

### X.

In his tenth assignment of error, appellant contends that he was denied his Sixth Amendment right to effective assistance of counsel at trial. He objects to the fact that his attorney waived arraignment on his prior convictions, failed to require strict proof of the convictions at preliminary hearing, stipulated to the convictions at trial, and failed to object to the conviction instructions and verdict forms. He also complains about counsel's failure to object to the State's improper closing argument.

In order to establish ineffective assistance of counsel, appellant must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, in relation to counsel's treatment of the former convictions, it would be necessary to know that there was some defense to their use by the State. If there is no defense, counsel cannot invent one. *See United States v. Cronic*, 466

U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Moreover, if nothing could have been done to blunt the effect of the convictions, then the failure to attempt to do so could not have prejudiced the defense. *Strickland, supra.*

### XI.

Finally, appellant contends that his enhanced punishment was excessive because the "after former" language contained on the face of the judgment and sentences of his prior convictions implied that he had committed additional crimes and because of the cumulative effect of all of the alleged errors which occurred during trial. We disagree.

As to appellant's "after former" argument, this Court previously rejected an almost identical claim and held that the use of such judgment and sentences is not improper. *Louder v. State*, 568 P.2d 344, 349 (Okl.Cr.1977). Appellant's cumulative error claim is equally misplaced. The minor errors which occurred during the trial of this case are not sufficient to require a reversal or modification under the doctrine of cumulation. This assignment of error is therefore without merit.

Accordingly, the judgment and sentence of the District Court is hereby AF-FIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.