**Brian A. KAMEES, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–89–709.**

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1991.

Carolyn L. Merritt, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

.OPINION

LANE, Presiding Judge:

Brian A. Kamees, Appellant, was tried by jury and convicted for the crime of Grand Larceny (21 O.S.Supp.1982, § 1704) in Oklahoma County District Court, Case No. CRF–87–6496. The trial court sentenced appellant to fifty (50) years imprisonment in accord with the jury's verdict. Appellant raises five issues for our consideration. Two propositions of error address jury instructions; that the trial court erred by instructing on flight and by giving an *Allen* instruction. Appellant also argues the extra-judicial identification of the appellant by an eyewitness was improperly bolstered. Two issues concern sentencing; excessiveness, and abuse of discretion by the trial court in running this sentence consecutively with another fifty (50) year sentence which resulted from a guilty plea in another case. We find the trial court committed harmless error by instructing on flight. Finding no other error, we affirm.

This case arises from a grab-and-run theft from the Sight and Sound store at 2401 N. Meridian in Oklahoma City. At closing time the appellant took a VCR off the shelf and ran out of the store. Four or five days later he sold the VCR, valued at $399 to David Truong for $150. Truong identified the appellant as the man who sold him the VCR in a photo lineup and also

in court. Truong testified at trial under a grant of immunity.

Before instructing the jury the trial court gave counsel the jury instructions and asked for any objections or additions. Neither defense counsel nor the prosecutor objected. Included in those instructions was an instruction on flight. Appellant now objects to this instruction, arguing that it removed from the jury's deliberation the element of grand larceny, "carrying away".

■ By failing to object contemporaneously to the instruction the appellant has waived all but fundamental error. *Ashinsky v. State*, 780 P.2d 201 (Okl.Cr.1989); *Price v. State*, 782 P.2d 143 (Okl.Cr.1989). Fundamental error is that which results in a miscarriage of justice or deprives the accused of a substantial right. *Ashinsky*, 780 P.2d at 207; *Fisher v. State*, 736 P.2d 1003 (Okl.Cr.1987).

■ We agree with the appellant that giving the instruction on flight is error. The appellant's act of running away with the VCR completed the element of "carrying away" required for grand larceny. Flight, by definition, is a running away after commission of a crime. *See e.g. Hainey v. State*, 740 P.2d 146 (Okl.Cr.1987); *Croan v. State*, 682 P.2d 236 (Okl.Cr.1984); *Douma v. State*, 749 P.2d 1163 (Okl.Cr. 1988). Certainly flight could occur after a person committed grand larceny. However, the facts do not support such a finding here.

■ Although we agree that the trial court erred by giving the flight instruction, we are not persuaded that the instruction caused the appellant any harm, let alone fundamental harm. The appellant claims this instruction invaded the province of the jury and removed from its consideration whether the State presented sufficient proof of the element "carrying away". This argument ignores the plain language of the instruction. After defining flight it instructed the jury to decide whether flight existed in this case. The question whether the State proved the element of "carrying

away" remained squarely for the jury to determine.

■ Appellant continues this argument urging that improper instruction of the jury is fundamental error which requires reversal. Central to our determination of fundamental error is whether the instructions correctly guide the jury in the proper analysis of the evidence. The instructions must force the jury's consideration of the evidence into proper legal channels so that it reaches a legally sound verdict. Not all instructional errors result in a failure to channel the jury into proper analysis of the evidence. *See e.g., McKinnon v. State,* 752 P.2d 833 (Okl.Cr.1988); *Coulter v. State,* 734 P.2d 295 (Okl.Cr.1987).

In the present case the flight instruction was superfluous. To find the appellant guilty of grand larceny the jury had to find he carried away merchandise. Under the facts of this case the carrying away was completed when the appellant ran away with the VCR. Consideration of the same evidence in the context of flight could not change in any way the jury's fundamental determination of guilt. Therefore the erroneous instruction does not require reversal of this case. *See Cole v. State,* 766 P.2d 358 (Okl.Cr.1988); *Box v. State,* 541 P.2d 262 (Okl.Cr.1975); *Richmond v. State,* 456 P.2d 897 (Okl.Cr.1969).

■ After almost five and a half hours deliberation in the second stage of trial, the jury foreman advised the trial judge that the jury was deadlocked. When the trial judge returned the jury to the court room and asked the foreman how they were divided, he responded they were divided 11 to 1. The trial judge did not ask and the jury foreman did not say which group supported what punishment. Without defense objection the trial court gave an *Allen* instruction.[1] Again, the appellant's failure to object waives all but fundamental error.

■ The trial court may poll a deadlocked jury regarding their split as long as no question regarding the position favored by each group is asked. *See Dunford v. State,* 614 P.2d 1115 (Okl.Cr.1980). The

*Allen* instruction given by the court emphasized the importance of arriving at a verdict if possible. It also strongly cautioned the jurors not to surrender their honest convictions and not to find a fact or concur in a verdict which in good conscious any of them did not support. (Tr. 78–79). This instruction is proper and not coercive. *See Thomas v. State,* 741 P.2d 482 (Okl.Cr. 1987); *Brogie v. State,* 695 P.2d 538 (Okl. Cr.1985); *Elliott v. State,* 753 P.2d 920 (Okl.Cr.1988). We find no error here.

■ Appellant raises two issues based on the testimony of Oklahoma City Police Detective Clint Caswell who conducted an extra-judicial photo-lineup with David Truong. No contemporaneous objection was lodged. Appellant has thus waived all but fundamental error. *Maxwell v. State,* 775 P.2d 818 (Okl.Cr.1989); *Aycox v. State,* 702 P.2d 1057 (Okl.Cr.1985).

After Truong testified, and made an in-court identification of the appellant, Detective Caswell testified that Truong identified the appellant in the photo-lineup. On cross-examination he stated he had shown the line-up to Truong again as the two waited to testify. With refreshing candor the appellant concedes no contemporaneous objection was lodged, and then argues that under *Fink v. State,* 480 P.2d 938 (Okl.Cr. 1970) these errors are not waived. *Fink* is consistent with *Maxwell* and *Aycox* in its expression that this Court will review testimony of a third party regarding a photo lineup for fundamental error when no contemporaneous objection is lodged. *Id.* at 942.

■ Clear limits have been set by this Court regarding testimony about extrajudicial identifications. Only the identifier may testify that an identification was made. *Maple v. State,* 662 P.2d 315 (Okl.Cr.1983). Testimony by a third party that an identification was made, or that a particular person was identified is, therefore, error. However, such testimony is not necessarily fundamental error which warrants reversal. When such testimony follows an in-court identification of the accused by the

1. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

identifier the error has been found to be harmless. *Allen v. State,* 783 P.2d 494 (Okl.Cr.1990); *Scales v. State,* 737 P.2d 950 (Okl.Cr.1987); *Jones v. State,* 695 P.2d 13 (Okl.Cr.1985); *Martinez v. State,* 569 P.2d 497 (Okl.Cr.1977).

■ In the present case Detective Caswell testified about Truong's identification of the appellant after Truong identified him in court. We find nothing in this case to take it outside the rule followed in *Allen, Scales, Jones,* and *Martinez.* We find no fundamental error.

■ During cross-examination Detective Caswell stated he showed the photo lineup to Truong while the two of them were waiting to testify. Appellant did not object to this contact at the time it was revealed. The State concedes this contact was improper, but argues that the error had no effect on the outcome of trial. The appellant argues vigorously, though without citation, that this contact warrants reversal. Our review is limited to fundamental error only by the appellant's failure to make a timely objection.

Under the circumstances of the case the appellant was not harmed by this encounter. Truong did not testify regarding the extra-judicial identification, and he made an accurate in-court identification which is not challenged. Under these circumstances the contact cannot rise to the level of fundamental error.

■ The appellant next argues his sentence is excessive. In the second stage of trial seven (7) similar prior offenses were proven. The possible punishment for the crime of grand larceny after two or more former convictions of a felony is at least twenty (20) years imprisonment with no maximum. 21 O.S.Supp.1985, § 51. The sentence of fifty (50) years imprisonment, recommended by the jury and imposed by the trial court, is within the statutory limits. Nevertheless, a sentence within statutory limits may be modified if, upon consideration of all relevant facts and circumstances, it shocks the conscience of the Court. *See Stewart v. State,* 723 P.2d 992 (Okl.Cr.1986); *Bolton v. State,* 702 P.2d 1040 (Okl.Cr.1985). Considering the fact that seven (7) prior felony convictions were proven, this sentence does not shock the conscience of the Court. *See Mornes v. State,* 755 P.2d 91 (Okl.Cr.1988); *Camp v. State,* 664 P.2d 1052 (Okl.Cr.1983).

At the time the trial court sentenced the appellant in this case, it also sentenced him in five other cases to which he plead guilty. Three of these were for bail jumping which resulted from one incident, one was for petit larceny and the fifth was for grand larceny. Sentences of twenty (20) years for each incident of bail jumping, and five (5) years for petit larceny were imposed to be served concurrently. The trial court imposed a fifty (50) year sentence for the guilty plea to grand larceny, and a fifty (50) year sentence, as recommended by the jury, in the instant case. The trial court ordered these sentences to be served consecutively, and in his final proposition of error the appellant argues the trial court thereby abused its discretion.

Appellant directs our attention to an Order Nunc Pro Tunc correcting judgments and sentences in four of the five cases plead in which the trial judge addressed the two fifty (50) year sentences:

"Although this Court believes the interests of justice would be served by ordering these sentences to run concurrently with each other, this Court is without jurisdiction to so order at this time."

The State does not comment on this Order.

■ The trial court correctly stated the sentence could not be modified by an Order Nunc Pro Tunc. An Order Nunc Pro Tunc is the vehicle by which the court may correct clerical errors only. *Childers v. Page,* 450 P.2d 916 (Okl.Cr.1969). This Order may not properly review or correct the original judgment actually rendered or reflect how the court might change the judgment on second thought. *Application of Oklahoma Natural Gas Co.,* 715 P.2d 477 (Okl.1985). Therefore, we will not consider the trial court's comment in the Order Nunc Pro Tunc. The question remains whether the sentence should be modified on other grounds.

■ Whether sentences are to be served consecutively or concurrently is a

decision resting in the sound discretion of the trial court. *Harris v. State,* 772 P.2d 1329 (Okl.Cr.1989); *Rowe v. State,* 738 P.2d 166 (Okl.Cr.1987). Therefore, when the trial court's decision to run two sentences consecutively is challenged on appeal, this Court reviews the trial court decision only for an abuse of discretion. *See e.g. Pierce v. State,* 786 P.2d 1255 (Okl.Cr.1990); *Doyle v. State,* 785 P.2d 317 (Okl.Cr.1989). Abuse of discretion can be found where the trial court's decision is not supported by the facts or law of the case. *Walker v. State,* 780 P.2d 1181 (Okl.Cr.1989). Absent an abuse of discretion the decision of the trial court is affirmed on appeal.

 In the instant case the trial court considered the facts that the appellant had seven (7) prior felony convictions, and five additional convictions resulting from guilty pleas. Counsel each made oral argument to the court, and the court articulated concern about the appellant's lengthy prior record. Under these circumstances we cannot say that the trial court decision to run the sentences consecutively is not supported by the facts or law of the case. Judgment and sentence is AFFIRMED.

BRETT, J., concurs.

LUMPKIN, V.P.J., and JOHNSON, J., concur in result.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I agree that on the basis of the facts of the case at bar, giving a flight instruction was harmless error. Because this is a case of first impression, the trial judge had no prior case law to guide his determination of whether to grant a jury instruction on flight. Now, this court has determined that giving such an instruction in a situation similar to that in the instant case is error. The gravity of this error should be determined on a case by case basis. Where, as here, the facts do not support such an instruction, giving of a flight instruction will be intolerable.

JOHNSON, Judge, concurring in result.

I would concur in the result of the court in this matter but do have to speak to the court's findings that harmless error occurred as it relates to the instruction on flight. From reading the facts situation, it appears clear that two separate acts occurred in this case. The appellant stole a VCR when he removed the instrument from the shelf and took the VCR out of the store. A second act occurred when the store manager attempts to retrieve the VCR from the appellant and the appellant gave flight by running away after the commission of the initial crime. This would certainly allow the instruction on flight.

It should be noted that flight is not merely "running away" as the court finds but flight could be running, driving away, taking an airplane, or any other means to avoid apprehension. Webster's II New Riverside University Dictionary finds flight as "an act or an instance of fleeing", <unlawful flight to escape arrest>. Black's Law Dictionary Fifth Edition states that flight from justice is "the evading of the course of justice by voluntarily withdrawing one's self in order to avoid arrest or detention ...". As can be seen from these definitions, flight does not necessarily stop with just running away.

Therefore, I would find that the instruction was not improper and that the jury was entitled to the instruction on flight.